## BURNET, COMMISSIONER OF INTERNAL REVENUE, *v.* A. T. JERGINS TRUST.

No. 541.  Argued February 15, 16, 1933.—Decided March 13, 1933.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher,* and *Messrs. Whitney North Seymour, Sewall Key,* and *Francis H. Horan* were on the brief, for petitioner.

510

*Messrs. Marc F. Mitchell* and *A. Calder Mackay,* with whom. *Mr. Thomas R. Dempsey* was on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Prior to 1911 the city of Long Beach, California, procured water from companies owning and operating

artesian wells on lands lying outside the city. The service proving inadequate and unsatisfactory, the municipality in 1911 acquired these lands, comprising about 600 acres, and the appurtenant systems, and has since used the tract for water supply and other purposes. In 1922 oil was discovered in the vicinity, and the respondent was organized under the law of California with the intention of obtaining an oil and gas lease on the lands in question. The city leased to the respondent 140 acres, the agreement stipulating that the lessee should receive sixty per cent. of the proceeds of oil and gas recovered and the city forty per cent. As permitted by the lease the oil and gas produced have been sold under a contract made by the city and the respondent as joint vendors. The trust has derived substantial income from the lease.

Upon audit of the taxpayer's returns for the years 1922, 1923 and 1924, the Commissioner, by formal written notification, proposed a deficiency in income taxes for those years. The respondent appealed to the United States Board of Tax Appeals raising two issues, (1) Whether its income derived from the lease was immune from taxation, and, if not, (2) Whether capitalized expenses for drilling and developing its oil wells were to be returned through depletion allowance, as ruled by the Commissioner, or by way of depreciation. The Board held the income taxable and the intangible development costs recoverable through depreciation charges. The Circuit Court of Appeals upon cross-petitions for review decided that the income from the lease was immune from federal income tax, and therefore found it unnecessary to pass upon the matter of depreciation allowance presented by the Commissioner's petition. 61 F. (2d) 92. Both questions are raised by the petition for certiorari.

The respondent, in support of its claim of immunity, relies upon the principle that a tax upon instrumentalities of the states is forbidden by the Federal Constitution;

that by clear implication the means employed by the general government to carry into operation the powers granted to it are exempt from taxation by the states, as are those employed by the states exempt from taxation by the general government. The principle is settled by a wealth of authority and has been applied in varying circumstances; has been recently fully discussed and the authorities collected and commented upon in decisions of this court (*Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Willcuts* v. *Bunn*, 282 U. S. 216; *Indian Territory Illuminating Oil Co.* v. *Board of Equalization*, and *Indian Territory Illuminating Oil Co.* v. *Board of County Commissioners, ante,* p. 325); and no purpose would be served by a repetition of what was there said.

The Revenue Acts do not discriminate between the respondent and others similarly situated, in the imposition of the income tax. If the respondent is exempt from the exaction the conclusion must follow because the tax directly burdens the functions of the state acting through the city of Long Beach. Considerations which have led to the condemnation of taxes in other circumstances are here absent. The levy is not upon the property of the municipality, nor upon the income it derives from its property, is not upon the city's share of the oil recovered, the lease, or the gross income therefrom. The law measures the assessment by the net income of the respondent, whose operations are carried on in a private and not in a public capacity for the personal gain of its *cestuis que trustent.* The government asserts that the incidence of the tax is so remote from the activities of the municipality as to have no substantial adverse effect upon them. The respondent insists that as lessee of the lands in question it is a governmental agency and any tax laid upon its income directly burdens governmental functions.

In *Metcalf & Eddy* v. *Mitchell, supra,* this court said [p. 522]:

" Just what instrumentalities of either a state or the federal government are exempt from taxation by the other cannot be stated in terms of universal application."

And further [p. 523]:

"As cases arise, lying between the two extremes, it becomes necessary to draw the line which separates those activities having some relation to government, which are nevertheless subject to taxation, from those which are immune. Experience has shown that there is no formula by which that line may be plotted with precision in advance. But recourse may be had to the reason upon which the rule rests, and which must be the guiding principle to control its operation. Its origin was due to the essential requirement of our constitutional system that the federal government must exercise its authority within the territorial limits of the states; and it rests on the conviction that each government, in order that it may administer its affairs within its own sphere, must be left free from undue interference by the other. . . ."

It was there pointed out that while in one aspect the extent of the exemption must finally depend upon the effect of the tax upon the functions of the government alleged to be affected, still the nature of the governmental agencies and the mode of their constitution may not be disregarded in passing upon the question of tax exemption. An agency may be so intimately connected with the exercise of a power or the performance of a duty by the government that any taxation of it would be a direct interference with the functions of government itself. In *Baltimore Shipbuilding Co.* v. *Baltimore,* 195 U. S. 375, it was said [p. 382]:

". . . it seems to us extravagant to say that an independent private corporation for gain, created by a State, is exempt from state taxation, either in its corporate person, or its property, because it is employed by the United States, even if the work for which it is employed is important and takes much of its time."

The statement holds true as well when the positions of the sovereigns are reversed.

The application of the doctrine of implied immunity must be practical (*Railroad Co.* v. *Peniston,* 18 Wall. 5, 31, 36) and should have regard to the circumstances disclosed. We think that in the present instance the subject of the tax is so remote from any governmental function as to render the effect of the exaction inconsiderable as respects the activities of the city. Compare *Alward* v. *Johnson,* 282 U. S. 509, 514. Its collection is not inconsistent with and does not trench upon the immunity of the state as a sovereign. The income of the respondent from the lease is not immune from federal income tax.

The respondent relies upon *Gillespie* v. *Oklahoma,* 257 U. S. 501, and *Burnet* v. *Coronado Oil & Gas Co.,* 285 U. S. 393, as authorities binding upon us and requiring a decision in its favor. In both of those cases the sovereign was acting as the trustee of an express trust with regard to the lands leased. In both the burden upon the public use was more definite and direct than in the present case. As said in the *Coronado* case, the doctrine of *Gillespie* v. *Oklahoma* is to be applied strictly and only in circumstances closely analogous to those which it disclosed. The decisions relied on cannot be held to be authority upon the facts presented by this record.

The petitioner also asserts that the Board of Tax Appeals was in error in holding that the cost of drilling should be amortized by way of depreciation charges, and not through the statutory allowance for depletion. The identical issue is involved and settled in favor of petitioner by *United States* v. *Dakota-Montana Oil Co., ante,* p. 459, and *Petroleum Exploration* v. *Burnet, ante,* p. 467, decided this day.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*