*Decision will be entered under Rule 50.*

GRAHAM-LOFTUS OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ITALO OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 45276, 51559. Promulgated April 27, 1933.

*A. Calder Mackay, Esq.,* and *Thomas R. Dempsey, Esq.,* for the petitioner.

*R. W. Wilson, Esq.,* for the respondent.

OPINION.

BLACK: The respondent determined deficiencies in petitioner's income taxes of $2,377.70 for the year 1924, $1,264.68 for the year 1925, $1,249.27 for the year 1926; and $4,921.24 for the year 1927. The case was submitted entirely upon a stipulation of facts, which stipulation is incorporated herein by reference.

These proceedings have been consolidated for hearing. There is one issue common to all the taxable years involved and that is: Petitioner contends that the entire cost of the oil wells enumerated in the stipulation should be returnable through depreciation deductions, whereas respondent contends that the part of said costs which is represented by physical equipment should be returned through depreciation deductions but that the part represented by intangible development costs should be added to the costs of the leases and be recovered through depletion allowances, and cites article 225, Regulations 65, and article 223, Regulations 69, in support of his contention.

In carrying out his theory, respondent has allocated 40 per cent of the cost of each of the oil wells involved herein to physical equipment, and has allowed depreciation thereon at the same rate used by petitioner, but has disallowed the remaining portion of depreciation claimed by petitioner, on the ground that such costs should be recovered through depletion. For the year 1925 the petitioner assigned an additional allegation of error as follows: (d) The respondent in determining petitioner's net taxable income for the year 1925 erroneously and illegally failed to allow the sum of $379.84 as a deduction for depletion. No facts were introduced in evidence in support of assignment (d), and inasmuch as respondent's answer denied all allegations of error and statements of fact contained in said petition, assignment of error (d) in Docket No. 45276 will be considered as abandoned. Petitioner fails on that issue for lack of proof.

The Commissioner in determining the deficiency for 1925 disallowed an item of $16,796.41, designated as excessive depletion claimed by petitioner. Petitioner assigned no error in respect to such disallowance.

Petitioner did assign as error respondent's disallowance for 1925 of an item of $16,703.36, designated as excessive depreciation claimed for that year by petitioner, and for 1926 petitioner assigns as error respondent's disallowance of a similar item amounting to $9,253.84. Petitioner's assignments of error for these latter disallowances are on the same ground as heretofore stated. The same situation exists as to 1927. Petitioner does not appear to contest respondent's disal-

lowance of $3,379.99 of the depletion claimed by petitioner for that year but does contest, on the ground already stated, respondent's disallowance of $33,073.59 of the depreciation claimed by petitioner for that year.

Thus the only issue we have to decide is respondent's disallowance of certain portions of the depreciation deductions claimed by petitioner, said disallowance being based on the allocation of 60 per cent of the costs of the oil wells to intangible development costs to be added to the cost of the leases and recovered through depletion allowances.

Recently the Supreme Court of the United States had a similar question before it and the decision was adverse to the contention made by petitioner in the instant case. *United States* v. *Dakota-Montana Oil Co.*, 288 U.S. 459; *Petroleum Exploration* v. *Burnet*, 288 U.S. 167;; and *Burnet* v. *Jergins Trust*, 288 U.S. 508.

In all of these decisions the Supreme Court approved the Commissioner's regulations, which in substance provide that such incidental expenses as are paid for wages, fuel, repairs, hauling, etc., in connection with the exploration of property, drilling of oil wells, building of pipe lines and development of the property may at the option of the taxpayer be deducted as a development expense or charged to the capital account returnable through depletion. In the instant case the taxpayer exercised the option to charge the cost of drilling its oil wells to capital account, but it now seeks to have such costs returned by way of depreciation instead of depletion deductions.

The Commissioner's regulations contained in article 227, Regulations 65, and article 225, Regulations 69, further provide that " Both owners and lessees operating oil and/or gas properties will, in addition to and apart from the deduction allowable for depletion as hereinbefore provided, be permitted to deduct a reasonable allowance for depreciation of physical property, such as machinery, tools, equipment, pipes, etc., so far as not in conflict with the option exercised by the taxpayer under article 225 [article 223 in Regulations 69]."

Petitioner in the instant case paid for the drilling of its oil wells on the turnkey contract system and there appears to have been no segregation on its books between the amounts paid for such incidental expenses as wages, fuel, repairs, hauling, etc., in connection with the drilling of said wells, and the amounts paid for physical property, such as machinery, tools, equipment, pipes, etc., used in connection with said oil wells. However, as we have already stated, the respondent in determining the deficiencies for each of the years

involved in this proceeding allocated 40 per cent of the cost of drilling each of said wells as representing the cost of machinery, tools, equipment, pipe, etc., and allowed depreciation thereon at the rates claimed by petitioner. The remaining 60 per cent of the cost of drilling said wells respondent allocated to intangible development costs to be added to the cost of petitioner's leases and recoverable through depletion allowances and not by way of depreciation. Petitioner has offered no evidence which would establish or tend to establish that this allocation made by respondent of 40 per cent of the cost of the wells to physical property and 60 per cent to intangible costs was unreasonable and unfair.

In the absence of such evidence we must hold respondent's determination in that respect correct. Petitioner does not contest the depreciation deductions which respondent allowed, but only those which he did not. As to these, respondent appears to have followed his regulations, which, as we have already pointed out, have recently received the approval of the Supreme Court in the cases which we have cited. As to whether the details of the computation made by respondent, as shown in the statements attached to the deficiency notices, comply in all respects with the rules approved by the Supreme Court in *United States* v. *Dakota-Montana Oil Co.; Petroleum Exploration* v. *Burnet;* and *Burnet* v. *Jergins Trust, supra,* we do not express any opinion. If in the computation of the deficiencies, respondent deviated in any respect from his regulations as approved by the Supreme Court, it should be corrected in settlement under Rule 50.

The stipulation, after stating that respondent in the determination of the deficiencies allowed petitioner annual deductions for depreciation on Lightburn Wells #1 and #2 on 40 per cent of the cost thereof, states that "No deduction of either depreciation or depletion has been made for or on account of the remaining 60 per cent of said cost."

There appears no good reason why this remaining 60 per cent of the cost of Lightburn Wells #1 and #2 should not be added to the cost of petitioner's Lightburn lease and treated in accordance with the Commissioner's regulations in determining depletion allowances for all the taxable years in question. It is so ordered.

Petitioner's contention that, in the event this Board should hold that petitioner is not entitled to a return of its capital cost by way of depreciation, petitioner nevertheless should be allowed as a deduction the total sum determined by the Commissioner to have been expended by petitioner for intangible development costs, appears not to be well founded, in the light of the Supreme Court decisions already cited. Such contention is accordingly denied.

*Decision will be entered under Rule 50.*