METROPOLITAN BLDG. CO. v. UNITED STATES.

No. 42530.

Court of Claims.
Nov. 4, 1935.

[1] Oral opinion.

538

James H. Douglas, of New York City, for plaintiff.

Jesse R. Fillman, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (George H. Foster, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff seeks recovery of $16,-646.31, together with interest, income tax paid for the period, February 1, 1929, to November 13, 1929. The facts have been stipulated by the parties; the sole controversy being whether the income upon which the tax was imposed is subject to taxation by the United States.

The land, the subject of the lease, is located in the city of Seattle, Wash., and is commonly designated as "University Tract." It is owned by the state of Washington, and is held and used for the sole benefit of the University of Washington. The income to the state under the lease is paid direct to the university, and is used exclusively for educational purposes.

The Supreme Court of the state of Washington, in the case of State of Washington v. City of Seattle et al., 57 Wash.

602, 107 P. 827, 27 L. R. A. (N. S.) 1188, where the direct issue presented was whether the land in question was owned and held by the state in its private capacity as a proprietor or in its governmental capacity, held that the tract was acquired by the state in trust for the sole use of upbuilding its University according to the purpose and spirit of the grant by which it was acquired, to the extent and in the same manner in which the state had accepted the grant of public land from the United States for public school purposes. The land being owned and held by the state of Washington in its governmental capacity under an express trust to use the land and all the income arising therefrom in support of the University, the lease in question is an instrumentality of the state.

The plaintiff contends that the tax in question is in effect a tax upon the lease itself, and that as such is void under the rule laid down by the Supreme Court in Gillespie v. State of Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338; Burnet v. Coronado Oil & Gas Co., 285 U. S. 393, 52 S. Ct. 443, 444, 76 L. Ed. 815, and other cases, and by this court in Marland v. United States, 53 F.(2d) 907, 3 F. Supp. 611, 78 Ct. Cl. 69.

■ The principle of immunity from taxation by the federal government of instrumentalities of a state and the corresponding immunity of federal instrumentalities from taxation by a state is well settled. However, it is recognized that "just what instrumentalities of either a state or the federal government are exempt from taxation by the other cannot be stated in terms of universal application." Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 174, 70 L. Ed. 384. The established principle "has its inherent limitations." Fox Film Corp. v. Doyal et al., 286 U. S. 123, 52 S. Ct. 546, 547, 76 L. Ed. 1010. "The reasons underlying the principle mark the limits of its range." Indian Motorcycle Co. v. United States, 283 U. S. 570, 51 S. Ct. 601, 603, 75 L. Ed. 1277. The immunity does not exist "where no direct burden is laid upon the governmental instrumentality, and there is only a remote, if any, influence upon the exercise of the functions of government." Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 127, 75 L. Ed. 304, 71 A. L. R. 1260.

The rule of Gillespie v. Oklahoma, and Burnet v. Coronado Oil & Gas Co., must be considered in the light of the limitations placed upon it in the decisions just cited, and, as stated by the court in the Coronado Case, is to be applied "strictly and only in circumstances closely analogous" to those which they disclose.

■ The circumstances of the present case in our opinion are not closely analogous to the circumstances disclosed in the Gillespie and the Coronado Cases. The facts are clearly and fundamentally distinguishable. In both the Gillespie and the Coronado Cases the taxed income came from profits realized on the sale of oil abstracted from the lands leased. The income came directly and wholly from the thing leased; the land itself. That is not the situation here. The plaintiff's income was not derived directly from the lands leased, but came wholly from rents received from buildings which the plaintiff had erected on the premises. It came from more than a thousand tenants to whom the plaintiff had rented storerooms and offices. Except for plaintiff's large investment in buildings, amounting to almost $5,000,000, and the labor incident to the successful management of the properties represented by such investment, the income could not have been realized. The fact that the buildings were erected in conformity with the terms of the lease and that title to the buildings vested immediately in the state upon their erection is not important and does not change the situation. The income upon which the tax was imposed was realized primarily from the plaintiff's large investment of capital and labor, and did not come directly from the premises leased, as in the cases relied upon. These facts remove the case from the rule announced in the Gillespie and Coronado Cases. Eckstein v. United States, 10 F. Supp. 231, 80 Ct. Cl. 725.

The challenged tax is not imposed upon the state of Washington, nor upon the lease, the instrumentality of the state, but upon the plaintiff, a private corporation holding the lease. The immunity claimed, therefore, exists only if the effect of the tax is to place a substantial burden upon the exercise of the state's essential functions of government, and as stated in Willcuts v. Bunn, supra, "it must appear that the burden is real, not imaginary; substantial, not negligible." "The application of the doctrine of implied immunity must be practical (Union Pac. Railroad Co. v. Peniston, 18 Wall. 5, 31, 36, 21 L. Ed. 787), and should have regard to the circum-

stances disclosed." Burnet v. A. T. Jergins Trust, 288 U. S. 508, 53 S. Ct. 439, 441, 77 L. Ed. 925.

The amount of rental paid to the state under the lease is definitely fixed by the terms of the lease, and is paid at stated intervals unaffected by whether or not the plaintiff is taxed on the profits of its business. Theoretically the tax may have some effect upon the amount of rental reserved in the lease, but, if so, its influence is so remote and indirect as to be imaginary rather than real. As a practical matter, therefore, the imposition of the tax against plaintiff places no substantial burden upon the state's exercise of any essential function of government. It follows that the petition must be dismissed, and it is so ordered.

For former opinion, see 11 F. Supp. 219.

William P. Smith, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.