## HOBART IRON CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6889.

Circuit Court of Appeals, Sixth Circuit.

April 15, 1936.

Floyd F. Toomey, of Washington, D. C. (Ellsworth C. Alvord, of Washington, D. C., and John B. Putnam, of Cleveland, Ohio, on the brief), for petitioner.

Louise Foster, of Washington, D. C. (Frank J. Wideman, Sewall Key, John Mac. Hudson, and Joseph M. Jones, all of Washington, D. C., on the brief), for respondent.

Doherty, Rumble & Butler, of St. Paul. Minn., amici curiæ.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This proceeding involves the right of the government to assess a tax against the income received by a corporation from the operation of a mine belonging to the state of Minnesota. The state acquired the land on which the mine is located on condition that the income from it should go to support a state university. On January 1, 1902, the state leased the mine to Sullivan and Hale for a period of 50 years. The lease, referred to in the record as contract No. 456, was in the form provided by the statutes of the state. By its terms the lessees agreed to pay a royalty to the state of 25 cents on each ton of iron ore mined from the property. On May 1, 1907, Sullivan and Hale entered into a contract with the petitioner whereby they leased the mine to it for a term of 44 years, commencing on that date. This lease was also in the form authorized by the state statute. Under its terms the petitioner agreed to pay to Sullivan and Hale a royalty of 10 cents on each ton of iron ore mined from the property, and also to pay the state of Minnesota the royalty provided in contract No. 456. The petitioner realized a net income from the operation of the mine in 1923, and the government assessed a tax against it. The petitioner contends that its lease with Sullivan and Hale is an instrumentality of the state government and that its income derived from its operations thereunder is immune from taxation.

The immunity of state instrumentalities from federal taxation was established in Collector v. Day, 11 Wall.(78 U.S.) 113, 117, 20 L.Ed. 122. Upon like principles the state is forbidden to tax an instrumentality of the federal government. Choctaw, O. & G. R. Co. v. Harrison, 235 U.S. 292, 35 S.Ct. 27, 59 L.Ed. 234; Indian Territory Illuminating Oil Co. v. Oklahoma, 240 U.S. 522, 36 S.Ct. 453, 60 L.Ed. 779. The petitioner relies in its argument before us on Gillespie v. Oklahoma, 257 U.S. 501, 42 S.Ct. 171, 66 L.Ed. 338. In that case the state of Oklahoma levied a tax on the net income derived by a lessee from the sale of his share of oil and gas received from leases of restricted Indian lands. The court held that the tax was a direct imposition upon a function of the United States and invalid, distinguishing the case from Thom-

as v. Gay, 169 U.S. 264, 273, 18 S.Ct. 340, 42 L.Ed. 740, involving a more remote imposition. A similar ruling was made in Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815. In Group No. 1 Oil Corporation v. Bass, 283 U.S. 279, 51 S.Ct. 432, 75 L.Ed. 1032, the state of Texas had executed a lease to a private corporation, granting it the right to enter upon state lands for the purpose of drilling for and producing oil and gas. The lessee agreed to pay to the state as a royalty the value of one-eighth of the oil produced and one-fourth of the gas sold. The court held that the net income derived by the lessee from the sale of its share of the oil and gas was subject to a tax, pointing out that under the decisions of the Texas courts the lease effected a sale of the oil and gas in place. The question was again presented to the court in Burnet v. A. T. Jergins Trust, 288 U.S. 508, 53 S.Ct. 439, 77 L.Ed. 925, where a city had leased a tract of land owned by it to a private party to be drilled for oil and gas. The lease provided that the lessee should receive 60 per cent. of the proceeds of oil and gas recovered and the city 40 per cent. Oil and gas were produced and sold under a contract made by the city and the lessee as joint vendors. The court held that the net receipts of the lessee were not immune from taxation, since the subject taxed was too remote from any governmental function to render the effect of the exaction burdensome to the activities of the city or to trench upon the immunity of the state.

In the Coronado Oil & Gas Co. Case the court said that it was disposed to apply the doctrine of Gillespie v. Oklahoma strictly. In the latter case the lease given by the government was the proximate source of the income on which the tax was levied. Here there was an intervention. Sullivan and Hale acquired a lease on a mine for a term of 50 years, with the privilege, implied in the terms of the lease, to sublet. They carved out of their right a lesser right to operate for a period of 44 years, and sublet it for a consideration to the petitioner. The obligation of the petitioner to pay to the state the royalties provided for in the original lease was plainly an obligation running to Sullivan and Hale, the petitioner's lessors. That it could be enforced by the state indicates only that it was for the benefit of the state. The earnings of the petitioner were derived from the exercise of rights directly acquired from Hale and Sullivan under the sublease. The tax was levied, not upon the property of the state nor upon the income the state derived from its property, but upon the net income of a private corporation derived from the sale of ore which the corporation had acquired under contract with private persons. We think the principles announced in Burnet v. A. T. Jergins Trust are applicable.

The order of the Board of Tax Appeals is affirmed.