OAHU RAILWAY AND LAND COMPANY *v.* J. W.
PRATT, Tax Assessor for the First Taxation Division of
the Territory of Hawaii.

SUBMITTED JANUARY 18, 1902.        DECIDED MARCH 25, 1902.

GALBRAITH AND PERRY, JJ.

*A* tax on income is in substance and effect a tax on the property pro-
ducing the income.

*Income* derived from property exempt from taxation by contract,
authorized by statute, is also exempt.

*An annual* subsidy granted by the Legislature is not "fairly necessary
to the reasonable construction, operation and maintenance" of a
railroad after the road is completed and being operated at a profit;
nor is such subsidy exempt from taxation under a contract exempt-
ing all the property of the railroad "fairly necessary to the reason-
able construction, operation and maintenance" of the railroad.

OPINION OF THE COURT BY GALBRAITH, J.

This is an original submission under the statute. The matter
of difference which, as agreed in the stipulation, "might become
the subject of a civil action" is the claim of right by the defend-
ant to collect the tax provided for in Act 20, Session Laws 1901,
known as the "Income Tax Law," from the income of the plain-
tiff corporation. Four specific questions are propounded by the
submission as follows: (1) "Is the plaintiff wholly exempt from
taxation on its income?" (2) "Is the plaintiff exempt from tax-
ation on so much of its income as is derived from property fairly
necessary to the reasonable construction, maintenance and opera-
tion of its road?" (3) "Is the plaintiff exempt from taxation on so
much of its income as is derived from wharfage, storage, scales
or subsidy as set forth in paragraph four of this submission?"

(4) "Is the plaintiff liable to taxation upon its entire net income?"

Paragraphs 3, 4 and 5 of the submission are as follows:

3. "That of the sum of $900,846.83, gross income of said plaintiff as shown by schedule "A" of said return, the sum of $610,206.89 was income derived from property which defendant admits is fairly necessary to the reasonable construction, maintenance and operation of said railroad; and that the sum of $207,889.04 was income derived from property which plaintiff admits is not fairly necessary to the reasonable construction, maintenance or operation of said railroad."

4. "That of the remainder of said gross income, to-wit, the sum of $82,750.90, the sum of $31,386.34 was for wharfage collected from vessels not belonging to plaintiff, using the wharves of said plaintiff in Honolulu harbor while delivering freight to be carried over plaintiff's railroad and while loading freight from plaintiff's warehouse; the sum of $5,196.37 was for storage collected from persons whose goods had been stored in the warehouse of plaintiff awaiting the arrival of vessels, but which had not been carried over the railroad of plaintiff; the sum of $3,468.19 was received for the use of plaintiff's scales in freight shipped over plaintiff's road; and the sum of $42,700 was a subsidy received from the government and paid to the plaintiff pursuant to the provisions of Chapter 31, of the Session Laws of 1890 (being Sections 581 to 584 of the Civil Laws, 1897)."

5. "That the contract entered into by the Minister of the Interior with the plaintiff's assignor, as hereinbefore set forth contains the following provisions pertinent to the issues involved in this controversy; 'That the said party of the first part does by these presents covenant and agree to and with the said party of the second part, his associates and successors and their assigns, and to and with such corporation as shall be formed or authorized by him or them as aforesaid, that no taxes shall be levied by the Hawaiian Government for the period of twenty years from the date hereof, upon the property of the party of the second part, his associates and successors or such company, which shall be fairly necessary to the reasonable construction, maintenance and operation of the said steam railroad or railroads.' Which exemption was authorized by said Chapter 62 of the Session Laws of 1888."

1. Counsel for the plaintiff makes no contention in regard to

the first question submitted and concedes that the exemption of income from taxation cannot extend further than the exemption of the property from which the income is derived and that a negative answer should be given to the first question.

2.   It is contended on behalf of the defendant that income is a separate and distinct thing from the property from which it is derived and that although the exemption includes all property "fairly necessary to the reasonable construction, maintenance and operation" of the road, it does not follow that the income from such property is exempt and cannot be taxed.   This contention may be ingenious but it can scarcely be considered sound. It is not material to the determination of the question presented whether or not the income and the property producing the income are one and the same thing.   The real question is whether or not a tax on the income is a tax on the property from which the income is derived.   If this last question be answered in the affirmative, the income produced from exempt property is clearly within the exemption.   This ought not at this time to be regarded as an open question.   The Supreme Court of the United States in *Pollock v. Farmer's Loan & Trust Co.*, 157 U. S. 429, said:   "The real question is, is there any basis upon which to rest the contention that real estate belongs to one of the two great classes of taxes and the rent or income which is the incident of its ownership belongs to the other?   We are unable to perceive any ground for the alleged distinction.   An annual tax upon the annual value or annual user of real estate appears to us the same in substance as an annual tax on the real estate, which would be paid out of the rent or income."   At pp. 581.

Again on the rehearing of said cause Chief Justice Fuller speaking for the court said that a tax on the income from real estate "fell within the same class as the source whence the income was derived, that is, that a tax upon the realty and a tax upon the receipts therefrom were alike direct."   158 U. S. 618.

In a later case the same court held "that a stamp tax on a foreign bill of lading is in substance and effect equivalent to a tax on the articles included in the bill of lading."   *Fairbanks v.*

*United States*, 181 U. S. 283, at p. 312. In the opinions in this last case there is an exhaustive review of the many decisions on this interesting subject.

In the light of these decisions it is clear that a tax on the income derived from exempt property would be in "substance and effect" a tax on the property producing the income and a violation of the terms of the contract, existing between plaintiff and the Government of Hawaii, exempting such property from all taxes for a term of twenty years. It follows that an affirmative answer must be returned to question number 2.

3. In answering the next question it must be determined whether or not wharves, warehouses, scales and the subsidy paid by the government come within the exemption, i. e. are they one or all, "fairly necessary to the reasonable construction, maintenance and operation" of plaintiff's railroad?

The statute authorizing the Minister of the Interior to enter into the contract with plaintiff's assignor for the construction of the railroad seems to set at rest any doubt relative to wharves and warehouses and possibly scales, coming within the exemption. The preamble recites that "railroads are essential to bring produce to safe ports" and section 3 (C. L. Section 532) authorizes the corporation, from time to time, to exercise any of the following powers: * * * "It may make such piers, jetties, stations, sidings, wharves, warehouses, toll-houses, and other houses, yards, engines, machinery, works and conveniences whatsoever connected with the railway as the corporation may think proper, and may from time to time, alter, repair, or discontinue any such apparatus, works and conveniences, and substitute others in their stead." (See also Section 561 C. L.)

In view of the specific authorization of the construction of wharves and warehouses and the fact that the principal use of the wharf and warehouse is to facilitate the operation of the railroad there can be no doubt that this property is "fairly necessary for the reasonable" operation and maintenance of plaintiff's road and is within the exemption. The fact that an additional and incidental use is made of the wharf and warehouse in excess of

9-D

that for railroad purposes cannot operate to take these appliances out of the exemption so long as the principal use thereof is for railroad purposes. *C. M. and St. P. Railway Co. v. Board of Supervisors*, 48 Wis. 665; *O. R. & L. Co. v. Shaw*, 12 Haw. 76, 80.

While scales are not specified in the statute above quoted still the company is authorized to make "other apparatus, works and conveniences whatsoever connected with the railway as the corporation may think proper." The broad discretion given the company by this statute in connection with the admission that the scales are used only to weigh freight shipped over plaintiff's railroad brings this property within the exemption.

Is the subsidy granted plaintiff's company within the exemption? Whatever may have been the necessity for this annual subsidy to aid in the construction of the road at the time it was authorized, it is clear now, that the subsidy is not "fairly necessary" or in any sense necessary or essential to the operation and maintenance of the road. It appears from the submission that the road is operated at a profit and that the subsidy goes only to increase the surplus earnings and the dividends declared. From these facts we conclude that the subsidy is not within the exemption. The answer we return to question number 3 is, that revenue derived from the wharf, warehouse and scales is within the exemption and that the subsidy is not and is subject to the tax as claimed by defendant.

4. What has been said in the discussion of questions 2 and 3 is sufficient justification for returning a negative answer to question number 4.

Let judgment be entered accordingly.

*Hatch & Silliman* for the plaintiff.

*Robertson & Wilder* for the defendant.