## GILLESPIE v. STATE OF OKLAHOMA.

### ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 322.  Argued January 3, 1922.—Decided January 30, 1922.

1. The net income derived by a lessee from sales of his share of oil and gas received under leases of restricted Creek and Osage lands, which constitute him in effect an instrumentality used by the United States in fulfilling its duties to the Indians, can not be taxed by a State. P. 504. *Choctaw, Oklahoma & Gulf R. R. Co.* v. *Harrison*, 235 U. S. 292; *Indian Territory Illuminating Oil Co.* v. *Oklahoma*, 240 U. S. 522.

2. Distinction made between this case and taxing net income derived from interstate commerce. P. 504.

81 Okla. 103, reversed.

ERROR to a judgment of the Supreme Court of Oklahoma upholding income taxes assessed against the appellant. The judgment was in a proceeding initiated by his appeal to a court of first instance from the action of the State Auditor.

*Mr. James P. Gilmore* for plaintiff in error.

*Mr. C. W. King,* with whom *Mr. S. P. Freeling,* Attorney General of the State of Oklahoma, was on the brief, for defendant in error.

It is going far afield for courts to hold that to tax the lessee of a restricted Indian leasehold upon his share of gross production of oil and gas, or other mineral, is indirectly taxing the exercise of a federal agency, and is, therefore, invalid; but to go a step farther and say that to require such lessee to include in his income tax returns net income derived from such source imposes a like burden would be carrying the idea of guardianship into too remote a channel to meet the practical application of taxing laws. The theory upon which such contention is made is that such a tax would have a deterring influence upon the purchasers of Indian leases. Such argument resolves itself into a question of degrees.

The contention was made without avail in reference to grazing leases on Indian lands that if the cattle of the lessee were taxed he would pay less for the lease to the Indian. *Thomas* v. *Gay,* 169 U. S. 264; *Maricopa &c. Ry. Co.* v. *Arizona,* 156 U. S. 347.

The fact that net income is derived from interstate commerce or exports does not remove it from state taxation. *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321; *Peck & Co.* v. *Lowe,* 247 U. S. 165; *Shaffer* v. *Carter,* 252 U. S. 37; *Stafford* v. *Travis,* 132 N. E. 109.

The tax here attaches after all of the functions of the federal agency have been performed freely and untrammelled, after the lessee has received his compensation and after, with the close of his year's business, it is found that he is possessed of a net income. To hold the tax a burden upon the lease would be to repudiate the entire scheme of net income taxation; that is, the net income regarded as a taxable subject-matter severed from its source. The income when it has reached this stage has become the individual acquisition of the taxpayer as com-

pletely as any other form of property and may be invested in other enterprises not connected with the business from which it came. To deny that proposition denies the power of the State to designate income as a subject of taxation.

If, however, the court should determine that the rule announced in the gross production tax cases does not apply to the Income Tax Act of Oklahoma, then defendant in error urges that the rule announced in the decided cases going up from Oklahoma was not determined with reference to the Oklahoma Act of 1916, and, as applied to the Act of 1916, the holding in the former cases—*Choctaw, Oklahoma & Gulf R. R. Co.* v. *Harrison,* 235 U. S. 292; *Indian Territory Illuminating Oil Co.* v. *Oklahoma,* 240 U. S. 522—would be incorrect; and, further, that in determining the cases of *Howard* v. *Gipsy Oil Co.,* 247 U. S. 503, and *Large Oil Co.* v. *Howard,* 248 U. S. 549, which did involve the Act of 1916, they were decided without reference to that act and without a careful regard to its provisions, but upon the theory that the statute involved was the former one previously construed; and those cases should, therefore, be overruled.

MR. JUSTICE HOLMES delivered the opinion of the court.

Chapter 164, Oklahoma Laws of 1915, makes every person of the State liable to a tax upon his entire net income arising from all sources, except such as is exempt from taxation by some law of the United States or of the State. Under that statute Oklahoma seeks in these proceedings to hold the defendant, the plaintiff in error, liable for taxes for the years 1915, 1916, 1917 and 1918, upon net income derived by him as lessee from leases of restricted Indian (Creek and Osage) lands, the leases being of the kind dealt with in *Choctaw, Oklahoma & Gulf R. R. Co.* v. *Harrison,* 235 U. S. 292, and *Indian Territory Illuminating Oil Co.* v. *Oklahoma,* 240 U. S. 522. The

facts were set forth by the defendant in special returns for the years mentioned, claiming exemption under the Constitution and laws of the United States. The auditor of the State accepted the returns as true but held that the defendant was liable to taxes on the income derived by him from sales of his share of oil and gas received under his leases. It is agreed that the lessee was an instrumentality used by the United States in carrying out duties to the Indians that it had assumed, and that the only question in the case is whether he is liable to this kind of tax. The District Court of the State held the tax void and. on appeal by the State the Supreme Court affirmed the judgment, but upon rehearing changed its mind and ordered the judgment reversed.

In *Choctaw, Oklahoma & Gulf .R. R. Co.* v. *Harrison,* 235 U. S. 292, it was held that such a lessee could not be taxed on the gross sales of coals from Choctaw and Chickasaw mines, when the tax was in addition to the taxes collected upon an *ad valorem* basis. In *Indian Territory Illuminating Oil Co.* v. *Oklahoma,* 240 U. S. 522, it was held that a similar lessee could not be taxed upon the value of an Osage. oil lease. Subsequently the principle was applied *per curiam* to gross production taxes under a later .statute of 1916, without reference to the fact that the taxes, instead of being in addition to, were in lieu of all taxes upon property rights. *Howard* v. *Gipsy Oil Co.,* 247 U. S. 503. *Large Oil Co.* v. *Howard,* 248 U. S. 549.

The argument for the State is based primarily upon the cases sustaining taxes upon net income that include gains from interstate commerce, *Shaffer* v. *Carter,* 252 U. S. 37, 57; *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321; when " all expenses are paid and losses adjusted, and after the recipient of the income is free to use it as he chooses." *Peck & Co.* v. *Lowe,* 247 U. S. 165, 175. It is said also that tangible property within the State is subject to taxation and that therefore the defendant's

share of oil and gas cannot escape. If the cases that we have mentioned as decided *per curiam* tend to oppose the State's position, on the ground that if the property is exempt the income from it also is exempt, it is urged that so far as appears the distinction between the statute of 1916 then before the Court and the statutes dealt with by the authorities cited in those cases was overlooked.

We cannot assume that there was the oversight supposed. The decision in 240 U. S. 522, that such leases were not taxable went on general principles not on the nature of the particular statute, and in *Shaffer* v. *Carter*, 252 U. S. 37, 48, a case that adverted to the distinction relied upon, pp. 57, 58, the decisions *per curiam* were referred to as decided upon the merits. Those decisions appear to us to have been correct. The criterion of interference by the States with interstate commerce is one of degree. It is well understood that a certain amount of reaction upon and interference with such commerce cannot be avoided if the States are to exist and make laws. *New York, New Haven & Hartford R. R. Co.* v. *New York*, 165 U. S. 628. *Diamond Glue Co.* v. *United States Glue Co.*, 187 U. S. 611, 616. The rule as to instrumentalities of the United States on the other hand is absolute in form and at least stricter in substance. *Williams* v. *Talladega*, 226 U. S. 404, 416, 417, 419. *Johnson* v. *Maryland*, 254 U. S. 51, 55. "A tax upon the leases is a tax upon the power to make them, and could be used to destroy the power to make them." 240 U. S. 530. The step from this to the invalidity of the tax upon income from the leases is not long.

In cases where the principal is absolutely immune from interference an inquiry is allowed into the sources from which net income is derived and if a part of it comes from such a source the tax is *pro tanto* void; *Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429; 158 U. S. 601; a rule lately illustrated by *Evans* v. *Gore*, 253 U. S. 245; and ap-

plied in a case somewhat like the present by the Supreme Court of Hawaii. *Oahu Ry. & Land Co.* v. *Pratt,* 14 Hawaii, 126. Whether this property could be taxed in any other form or not, it cannot be reached as profits or income from leases such as those before us. The same considerations that invalidate a tax upon the leases invalidate a tax upon the profits of the leases, and, stopping short of theoretical possibilities, a tax upon such profits is a direct hamper upon the effort of the United States to make the best terms that it can for its wards. *Weston* v. *Charleston,* 2 Pet. 449, 468. The taxation of cattle grazing in Indian lands held valid in *Thomas* v. *Gay,* 169 U. S. 264, 273, obviously is more remote. As a writ of error lies in this case the petition for certiorari that was presented for greater caution will be denied. *Dahnke-Walker Milling Co.* v. *Bondurant, ante,* 282.

*Judgment reversed.*

Mr. Justice Pitney, Mr. Justice Brandeis and Mr. Justice Clarke dissent.