BLAIR, Commissioner of Internal Revenue, v. MATHEWS.

MATHEWS v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit. December 20, 1928.

Nos. 5466, 5475.

In No. 5466:

Mabel Walker Willebrandt, Asst. Atty. Gen., Helen R. Carloss, Sp. Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and V. J. Heffernan, Sp. Atty., Bureau of Internal Revenue, both of

Washington, D. C., and Sewall Key, Sp. Asst. Atty. Gen., for petitioner.

John E. Mathews, of Jacksonville, Fla. for respondent.

In No. 5475:

John E. Mathews, of Jacksonville, Fla., and George Palmer Garrett, of Orlando, Fla. as Amicus Curiæ, for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., Helen R. Carloss, Sp. Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., Sewall Key, Sp. Asst. Atty. Gen., and V. J. Heffernan, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On January 3, 1923, John E. Mathews (herein referred to as the taxpayer) became county attorney of Duval county, Florida, under a contract or arrangement between him and the board of county commissioners of that county, which provided for his attending to all legal matters for the county, for his receiving $200 per month as his compensation for attending all meetings of the board and giving advice concerning all routine matters coming before the board, and that for defending or prosecuting lawsuits in which the county is a party or interested, or attending to all legal matters in connection with bond issues, he was to receive the usual compensation allowed in that jurisdiction. The appointment was for the period of two years. The taxpayer was required to attend all meetings of the board, and during 1923 there were approximately two meetings a week. Prior to his appointment the taxpayer had been actively engaged in the practice of law, and during 1923 he continued his practice, maintaining a separate law office, but he was always at the beck and call of the county commissioners. He was carried on the pay roll of the county.

A return made by the taxpayer showed that no tax was payable on his income for the year 1923. A deficiency letter of the Commissioner of Internal Revenue (herein referred to as the Commissioner), and an accompanying statement, both dated October 6, 1925, notified the taxpayer of a deficiency of $1,073.53 in income tax for the year 1923, and that "the deficiency in tax results from the inclusion in gross income for the year 1923 of certain compensation received by you as county attorney of Duval county, Florida." From the determination of the Commissioner the taxpayer appealed to the Board of Tax Appeals. That board made an order of redetermination, fixing the deficiency in income of the taxpayer for the year 1923 in the sum of $836.60.

The record discloses that that amount was the result of deducting from $18,395.55, the amount of net income upon which the deficiency determined by the Commissioner was based, the sum of $2,400 as salary received by the taxpayer as an employee of Duval county, and computing the tax on the balance. Both the taxpayer and the Commissioner filed a petition for review of that decision of the Board of Tax Appeals. The taxpayer complains of the action of the board in deciding that there was any deficiency in income tax of the taxpayer for the year 1923. The Commissioner complains of the action of the Board of Tax Appeals in deciding that the sum of $2,400 received by the taxpayer from Duval county was exempt from federal income tax.

In behalf of the Commissioner it was suggested in argument that, even if all the compensation received by the taxpayer for services rendered pursuant to the contract mentioned was exempt from the federal income tax, the Board of Tax Appeals was justified in treating only the sum of $2,400 as exempt, because the evidence before the board did not show the amount of compensation so received in excess of $2,400. We think there is no merit in this suggestion. The notice given by the Commissioner to the taxpayer of the determination of a deficiency of $1,073.53 showed that all of that deficiency resulted from including in the taxpayer's gross income for the year 1923 compensation received by him as county attorney of Duval county. This meant that nothing other than the amount of compensation received by the taxpayer as county attorney of Duval county was the basis of the deficiency determined.

The only question presented by the taxpayer's appeal to the Board of Tax Appeals was as to compensation so received by him being subject to income tax. There was no issue as to the amount of that compensation. The following is the first sentence of the opinion of the Board of Tax Appeals: "The question presented by this proceeding is whether the income received by the petitioner as compensation for legal services rendered the board of county commissioners of Duval county, Florida, during the year 1923, is exempt from taxation by the United States." There was no occasion to produce evidence as to a fact stated by the Commissioner in his communications to the taxpayer, giving notice

of the determination of a deficiency, and as to which no issue was raised.

The board of county commissioners is a governing body for the county. Its powers and duties are defined by statute. Revised General Statutes of Florida 1920, § 1475 et seq. It is empowered to represent the county in the prosecution and defense of all legal causes, to issue bonds for the purpose of erecting a courthouse, a jail, or to build or construct roads, to alter, lay out, maintain, establish, vacate, or discontinue any road or highway within the county, to apportion and order the levy of all county taxes, and to perform other duties and acts authorized by law. It is not open to question that, in acquiring the right to the taxpayer's services by the contract above mentioned, the board of county commissioners exercised a power conferred on it for governmental purposes. If that contract had the effect of making the taxpayer an employee of the county, or of the board of county commissioners, the following provision of the Revenue Act of 1926 (44 Stat. 130 [26 USCA § 1065b]) keeps his compensation for his services as such employee from being subject to the federal income tax:

"Sec. 1211. Any taxes imposed by the Revenue Act of 1924 or prior Revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any state or political subdivision thereof (except to the extent that such compensation is paid by the United States government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded."

The contract bound the taxpayer for a period of two years to attend to all legal matters for the county. He was not engaged to accomplish any particular result in a way chosen by himself, but was obligated to render any legal service for the county to which at any time during the period mentioned he was assigned by the board of county commissioners. One whose services are so at the command of another for a definite time is an employee of the latter, though the services contracted are legal services of a lawyer, who is not forbidden to render professional services to others. Seaboard Air Line Railway v. Continental Trust Co. (C. C.) 166 F. 597.

But, whether the taxpayer was or was not an employee of Duval county, or its governing body, his compensation for services rendered under the contract was not subject to the federal income tax, if in rendering those services he acted as an agency or instrumentality through which the board of county commissioners exercised governmental powers conferred upon it. McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579; Gillespie v. Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338; Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384; Panhandle Oil Co. v. Mississippi ex rel. Knox, 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583. All of the services called for by the contract were with reference to matters as to which the board of county commissioners exercised purely governmental powers. The taxpayer's rendition of those services was a means whereby that board exercised those powers. There is nothing to indicate that any legal service contracted for, or which was rendered by the taxpayer under the contract, was in a matter as to which the board of county commissioners acted otherwise than in the exercise of its powers or the performance of its duties as a governing body.

We are of opinion that the agency created by the contract and exercised under it was so intimately connected with the performance of governmental functions by the board of county commissioners that federal taxation of the taxpayer's compensation for those services would be an unauthorized interference with those functions.

The petition in case No. 5466 is denied, the petition in case No. 5475 is granted, and the order of the Board of Tax Appeals is reversed.