BASS, Collector of Internal revenue, v. GROUP NO. I OIL CORPORATION.

No. 5881.

Circuit Court of Appeals, Fifth Circuit.

June 18, 1930.

Rehearing Denied August 1, 1930.

John D. Hartman, U. S. Atty., of San Antonio, Tex., and Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

Homer L. Bruce, of Houston, Tex. (Baker, Botts, Parker & Garwood, of Houston, Tex., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.

Appellee brought suit and recovered judgment against appellant, as collector of internal revenue, for the amount of federal income taxes paid under protest. Those taxes were assessed and collected upon net income derived from the sale of oil and gas produced from lands which appellee held under lease from the state of Texas. The judgment was based on the theory that appellee was an instrumentality of the state, and as such was exempt as to the income involved from federal taxation. (D. C.) 38 F.(2d) 680.

The leased lands from which the income was derived are parts of the public domain of Texas, which long ago, by constitutional and statutory provisions, was set apart for the benefit of the state university. In 1917, an act of the Legislature, chapter 83, provided for the leasing of university lands for the development of oil, gas, and other natural resources. Lessees were required to pay royalties of one-eighth for oil and one-tenth for gas. By section 27 of that act, rights acquired under it were declared to be "subject to taxation as is other property." That legislation was attacked as being in violation of

a constitutional provision which permitted only the sale of university lands; but the Supreme Court of Texas held that the statutory leases constituted sales, and that the oil and gas when appropriated by the lessees formed no part of the university's permanent fund. Theisen v. Robison, 117 Tex. 489, 8 S.W.(2d) 646. The royalty interest of the state is not involved, as the income tax act does not attempt to reach it.

Appellee, as is admitted, was liable for the income taxes assessed against it, unless it can claim exemption as a state instrumentality. It may be assumed, without being decided, that the state was entitled to claim exemption for itself, or even for appellee as its instrumentality, in developing the public domain. In a series of cases the Supreme Court of the United States has held that the state of Oklahoma could not interfere with lessees of Indian lands by imposing an occupation or privilege tax (Choctaw, O. & Gulf R. R. Co. v. Harrison, 235 U. S. 292, 35 S. Ct. 27, 59 L. Ed. 234); by taxing such leases (Indian Territory Illuminating Oil Co. v. Oklahoma, 240 U. S. 522, 36 S. Ct. 453, 60 L. Ed. 779); by imposing a tax on the gross value of the production of oil and gas less a royalty interest (Howard v. Oklahoma Oil Co., 247 U. S. 503, 38 S. Ct. 426, 62 L. Ed. 1239, and Large Oil Co. v. Howard, 248 U. S. 549, 39 S. Ct. 183, 63 L. Ed. 416); or by a tax upon the net income derived by a lessee from the sale of his share of oil and gas (Gillespie v. Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338).

 The last cited case, which reviews the previous ones, held that the lessee of an oil and gas lease of Indian lands was an instrumentality of the federal government in carrying out treaty obligations to the Indians. Appellee's position is that the converse of that proposition must be equally true, and that, therefore, it is an instrumentality of the state government of Texas in carrying out its public policy in developing lands which it holds for the benefit of its university. In our opinion, the Gillespie Case and the other cases from Oklahoma which preceded it are not in point. The state of Texas has no occasion to claim immunity for itself, and has not sought to exempt lessees of its university lands from federal income taxation. On the contrary, it has sold the mineral rights here involved, and has provided that the rights of the purchaser or lessee "shall be subject to taxation as is other property." It cannot be doubted that the sovereign has the power to subject interests which it has sold

in public lands to taxation. Heiner v. Colonial Trust Co., 275 U. S. 232, 48 S. Ct. 65, 72 L. Ed. 256. In Shaw v. Gibson-Zahniser Oil Corporation, 276 U. S. 575, 48 S. Ct. 333, 72 L. Ed. 709, a case which also involves an oil and gas lease of Indian lands, it was held that the income of the lessee was subject to state taxation in Oklahoma, under the Act of Congress of March 27, 1908, c. 199 (35 Stat. 313), which in section 4 provided "that all land from which restrictions have been or shall be removed shall be subject to taxation and all other civil burdens as though it were the property of other persons than allottees of the Five Civilized Tribes." The language making the Indian lands subject to taxation is no broader or more comprehensive than is the language of the Texas statute making the rights of lessees of its university lands subject to taxation. The state of Texas by throwing the leases of university lands open to taxation generally, withdrew from the lessees all rights of exemption which might otherwise have existed. Our conclusion is that the taxes in question were properly assessed and collected, and consequently that it was error to give judgment for appellee.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.