## FULLILOVE et ux. v. UNITED STATES.
### No. 7276.

Circuit Court of Appeals, Fifth Circuit.
June 26, 1934.

Howard B. Warren and J. D. Barksdale, both of Shreveport, La., for appellants.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., and Frank J. Wideman, Asst. Atty. Gen., of Washington, D. C., for the United States.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The city of Shreveport, La., in the exercise of powers conferred upon it by the Constitution and laws of that state, acquired a tract of 22,000 acres of land from private owners, and made a donation of it to the United States for military purposes. Appellants, husband and wife, owners of a part of that tract, sold it to the city; the sale being made, as they allege, "under the imminence of expropriation," but at a price "determined by appraisal and fixed by agreement as just and adequate compensation." From the sale, which was made in 1929, they realized a gain or profit of $108,000, upon which they were required by the Commissioner of Internal Revenue to pay income taxes. They brought this suit to recover the amount so paid upon the theory that profit derived from the sale of land to a city for public use is exempt from federal taxation. They alleged in their petition also that if required to pay income taxes on the profit received from the sale of their land, they would to the extent of such payment be deprived of the just compensation secured to them by the Fifth

Amendment to the Constitution of the United States, and by a similar provision of the Constitution of Louisiana (Const. 1921, art. 1, § 2); and further alleged that the exemption provided by section 112(f) of the Revenue Act of 1928, 45 Stat. 817 (26 USCA § 2112(f), was unavailable to them for the reason that there was no other land which they could purchase with the money they received from the sale similar to that which was acquired from them by the city. The district judge sustained exceptions of no cause of action, and dismissed the petition. From that judgment this appeal is taken.

It is of course true that the instrumentalities of the states are exempt from taxation. Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. 304, 71 A. L. R. 1260. Appellants argue that they are entitled to invoke this well-established principle of constitutional law for their own benefit, and cite in support of their position the Supreme Court cases of Gillespie v. Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338; Panhandle Oil Co. v. Mississippi, 277 U. S. 218, 48 S. Ct. 451, 56 A. L. R. 583; Indian Motocycle Co. v. United States, 283 U. S. 570, 51 S. Ct. 601, 75 L. Ed. 1277; Burnet v. Coronado Oil & Gas Co., 285 U. S. 393, 52 S. Ct. 443, 76 L. Ed. 815. In opposition to the contention of appellants the government relies principally on the following Supreme Court decisions: Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384; Lucas v. Howard, 280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593; Lucas v. Reed, 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1125; Group No. 1 Oil Corp. v. Bass, 283 U. S. 279, 51 S. Ct. 432, 75 L. Ed. 1032. It would serve no useful purpose to review or discuss these cases in this opinion, as from time to time we have had occasion to consider them all. Blair v. Mathews (C. C. A.) 29 F.(2d) 892; Bass v. Group No. 1 Oil Corp. (C. C. A.) 41 F.(2d) 483; Roberts v. Commissioner (C. C. A.) 44 F.(2d) 168; United States v. Butler (C. C. A.) 49 F.(2d) 52; Brown v. Commissioner (C. C. A.) 55 F.(2d) 1076; Register v. Commissioner (C. C. A.) 69 F.(2d) 607. The recent case of Trinityfarm Construction Co. v. Grosjean, 54 S. Ct. 469, 78 L. Ed. 918, decided March 5, 1934, notwithstanding any conflict of opinion in earlier Supreme Court cases, follows Willcuts v. Bunn, supra, and Fox Film Corp. v. Doyal, 286 U. S. 123, 52 S. Ct. 546, 76 L. Ed. 1010, in holding that governmental immunity from taxation does not extend to private persons or corporations having business connection with it where the burden of the tax, if any, up-

on the government is not immediate and direct, but is only consequential and remote. The Trinityfarm Company had a contract with the United States for the construction of levees on the Mississippi river, in connection with which it used "much gasoline in the operation of machinery employed to do the work." Nevertheless, an excise tax levied by the state of Louisiana upon the gasoline so used was upheld. We think that case controls this one. The city of Shreveport, it is agreed, fully compensated appellants for their property. It could not be required to pay more than its value. It was not affected in the slightest degree by the payment or nonpayment of income taxes assessed not to it but to appellants. It lost nothing by reason of the fact that appellants were required to pay income taxes, and it would have gained nothing if they had not been required to pay.

Appellants are not in position to claim they did not receive just compensation for their land, since the price was fixed by an agreement to which they were parties. It makes no difference that, if they had not agreed upon a price and made the sale voluntarily, the city would have taken their property under the power of eminent domain. There is no claim on their part of coercion, or that they could have obtained a better price by going to court.

Their final contention based on § 112(f) of the Revenue Act is wholly without merit. That section has no application here, since appellants purchased no other property to take the place of that they sold to the city. It is only in the event of an actual purchase that the taxpayer is relieved of the payment of income taxes on gain derived from the taking of his property by compulsory process.

The judgment is affirmed.