CHAPMAN v. STATE et al.

(Division B.   Oct. 18, 1937.)

[176 So. 391.   No. 32829.]

508

Nelson E. Taylor, of Greenwood, for appellant.

**W. W. Pierce**, Assistant Attorney General, for the State.

512

**Griffith, J.**, delivered the opinion of the court.

Under the provisions of the so-called Agricultural Adjustment Act (48 Stat. 31), appellant rented for the year 1934 to the Department of Agriculture of the United States certain of his lands for which he received through said Department and from the Treasury of the United States the sum of $2,549.68; and the question before us is whether this income is taxable under our state income statutes.

It is first contended that the particular income is exempt under chapter 120, sec. 7, par. (b), subpar. (6), Laws 1934, which provides that (b) "the term gross in-

come does not include the following items, which shall. be exempt from taxation hereunder: . . . (6) Salaries, wages and other compensations received from the United States government or officials or employees thereof.'' It is familiar law under our decisions that exemptions from taxation are to be strictly construed against the taxpayer, and, so construing the quoted exemption and applying the rule ejusdem generis, we are of the opinion that the words ''and other compensations'' mean payments received for all manner of personal services, including disability compensations, retirement pensions, and pensions and bonuses to members of the land and naval forces, and all such like, which grow out of or are incident to personal services both in the civil and military establishments of the nation; wherefore the quoted exemption in the state statute would not include as exempt such an item as rent, which, of course, is a gain or income from land.

But it is contended, secondly, that, if the state statute be construed so to include as taxable the rent income here in question, the statute would be inoperative to that extent, because it would tax an activity or instrumentality of the federal government, which, as a general rule, is not within the power of the state. See Gillespie v. Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338. Compare Federal, etc., Co. v. McLean, 291 U. S. 17, 54 S. Ct. 267, 78 L. Ed. 622. We are relieved of decision on that point, because the Agricultural Adjustment Act was declared unconstitutional and void in its entirety by the Supreme Court of the United States in United States v. Butler, 297 U. S. 1, 56 S. Ct. 312, 80 L. Ed. 477, 102 A. L. R. 914. Obviously, an activity or instrumentality of the government must be one authorized by law, else it is not a governmental activity, but is one in which those who mistakenly act as if for the government are, in fact, acting as individuals; and, therefore, are not acting at all so far as the government is legally concerned.

The next contention is that, since the money was re-

ceived without authority of law, hence illegally, the recipient is liable to suit on behalf of the government to recover it back; and it is argued that the money received could not at the same time be a liability and also an income. Had appellant returned the money to the government within' a reasonably short time after discovery that its receipt was illegal, his point might, and probably would be, well taken; but he retained it and still retains it. In U. S. v. Sullivan, 274 U. S. 259, 47 S. Ct. 607, 71 L. Ed. 1037, 51 A. L. R. 1020, it was expressly decided that gains derived from illegal transactions, and voluntarily retained, are subject to the income tax statutes.

Appellant contends finally that, the payment being unauthorized, it should be considered as a gift by the government, and therefore exempt under subparagraph 3, paragraph (b), section 7, of said chapter 120. There is no such thing as a gift by the government unless it be authorized by a valid act of Congress, and here, there was no such valid act. Moreover, the contention that it was a gift is inconsistent with the argument mentioned in the next foregoing paragraph that the money is subject to be recovered back by the government on suit.

The trial court was correct in its decree that appellant is subject to the asserted tax.

Affirmed.