STATE OF MISSOURI at the relation and to the use of WILLIAM F. BAUMANN, Collector of the City of St. Louis, v. MARION BOWLES, Appellant.—115 S. W. (2d) 805.

Court en Banc, April 21, 1938.

*G. V. Head* and *G. N. Byrne* for appellant.

*Donald Gunn, Roy McKittrick,* Attorney General, and *Edward H. Miller,* Assistant Attorney General, for respondent.

GANTT, J.—Action to collect three dollars and forty-eight cents State income tax on the salary of defendant for the year 1934. She is a joint employee of the Federal Land Bank, Federal Intermediate Credit Bank, Production Credit Corporation, and St. Louis Bank of Co-operatives, being the four units of the Farm Credit Administration of St. Louis. The units are corporations organized under acts of Congress. They lend money to farmers for different agricultural purposes. Two of the units are owned and operated by farmers.

The petition was conventional. The answer pleaded the history of said acts of Congress, with a detailed explanation of the organization and functions of said corporate units. It then pleaded that defendant as a joint employee of said units was a Federal instrumentality within the meaning of the Federal Constitution, and as such her salary was immune from taxation by the State government. The court sustained a demurrer to the answer. Defendant

declined to plead further. Judgment for plaintiff for the tax. In due course defendant appealed.

■ Is the tax prohibited by the Federal Constitution? This is the only question presented by the record. The case is well briefed, for which we are thankful. Of course, the question must be determined by an interpretation of the Federal Constitution as construed by the Supreme Court of the United States. It is admitted that the decisions on the immunity of Federal and State governmental instrumentalities from taxation are in confusion.

■ However, the states may impose taxes on Federal corporations created to carry out essential governmental functions. [Railroad v. Peniston, 18 Wall. 5; Sloan Shipyards Corp. v. U. S. Shipping Board Emergency Fleet Corp., 258 U. S. 549; United States v. Strang, 254 U. S. 491.]

They also may impose taxes on corporations utilized by the Federal government to carry out essential governmental functions. [Thompson v. Union Pacific Railroad Co., 9 Wall. 579; Baltimore Shipping & Dry Dock Co. v. Baltimore, 195 U. S. 375, 385; Trinity Farm Construction Co. v. Grosjean, 291 U. S. 466.]

They also may impose taxes on agencies licensed, chartered and supervised by the United States for the public benefit. [Federal Compress & Warehouse Co. v. McLean, 291 U. S. 17; Broad River Power Co. v. Query, 288 U. S. 178; Susquehanna Power Co. v. State Tax Commission, 283 U. S. 291.]

■ On the other hand, agents of a state engaged in dispensing liquor under its sovereign power are not immune from Federal taxation. In so ruling it was stated that "whenever a State engages in a business which is of a private nature, that business is not withdrawn from the taxing power of the Nation." [South Carolina v. United States, 199 U. S. 437, 438.]

In this connection it should be stated that the immunity of State instrumentalities from Federal taxation, and the immunity of Federal instrumentalities from State taxation is equal and reciprocal. [Willcuts v. Bunn, 282 U. S. 216; Pollock v. Farmers Loan & Trust Co., 157 U. S. 429, 584; Ambrosini v. United States, 187 U. S. 1, 7; Indian Motorcycle v. United States, 283 U. S. 570, 577; Burnet v. Coronodo Oil & Gas. Co., 285 U. S. 383; United States v. California, 297 U. S. 175, 184.]

If the immunity of State and Federal instrumentalities is equal, it would seem to follow, under the ruling in the South Carolina case, supra, that a Federal agency engaged "in a business which is of a private nature" would not be immune from State taxation.

The rule with reference to immunity of Federal instrumentalities from State taxation and immunity of State instrumentalities from Federal taxation also is stated as follows:

"The very nature of our constitutional system of dual sovereign governments is such as impliedly to prohibit the Federal government from taxing the instrumentalities of a state government, and in a similar manner to limit the powers of the states to tax the instrumentalities of the Federal government. . . .

"Just what instrumentalities of either a state or the Federal government are exempt from taxation by the other cannot be stated in terms of universal application, but this court has repeatedly held that those agencies through which either government immediately and directly exercises its sovereign powers, are immune from the taxing power of the other. . . .

"When, however, the question is approached from the other end of the scale, it is apparent that not every person who uses his property or derives a profit, in his dealings with the government, may clothe himself with immunity from taxation on the theory that either he or his property is an instrumentality of government within the meaning of the rule. . . .

"As cases arise, lying between the two extremes, it becomes necessary to draw the line which separates those activities having some relation to government, which are nevertheless subject to taxation, from those which are immune. Experience has shown that there is no formula by which that line may be plotted with precision in advance. But recourse may be had to the reason upon which the rule rests, and which must be the guiding principle to control its operation. Its origin was due to the essential requirement of our constitutional system that the federal government must exercise its authority within the territorial limits of the states; and it rests on the conviction that each government, in order that it may administer its affairs within its own sphere, must be left free from undue interference by the other." [Metcalf & Eddy v. Mitchell, 269 U. S. 514, 1. c. 521, 525.]

Under this rule each case must be determined from its particular facts. In the instant case it is admitted that the four units of the Farm Credit Administration are Federal instrumentalities created for a public purpose. Even so, the business of said units is of a private nature. Furthermore, the activities of the Farm Credit Administration are not traditional Federal government activities. Indeed, the Supreme Court of the United States, on a consideration of the Federal legislation in question, stated as follows:

"It is to be borne in mind that federal land banks, although conceded federal instrumentalities, possess also some of the characteristics of private business corporations. [See Federal Land Bank v. Gaines, supra, 254.] The statute does not contemplate that their stock is to be wholly, or even chiefly, government owned. Its acquisition by private investors is permitted . . . and its sub-

scription by the borrowing national farm loan associations is compulsory. . . . The operations of the federal land banks are, in part at least, for profit. . . . In the conduct of their business they may enter into contracts, . . . borrow money, receive interest and fees, . . . pay the expenses and commissions of agents, . . . and pay dividends on their stock. While they are required to deposit in trust farm mortgages as security for farm loan bonds, . . . they may acquire and dispose of property in their own right, including land. . . . They thus have many of the characteristics of private business corporations, distinguishing them from the Government itself and its municipal subdivisions, and from corporations wholly government owned and created to effect an exclusively governmental purpose.'' [Federal Land Bank v. Priddy, 295 U. S. 229, l. c. 232, 233.]

Furthermore, it does not appear that said tax would interfere with the governmental activities of the Farm Credit Administration.

Attention is directed to cases on the question of immunity from taxation as follows: People v. Graves, 299 U. S. 401, decided January 4, 1937, and Brush v. Commr. of Internal Revenue, 300 U. S. 352, decided March 15, 1937. In ruling those cases the court d:d not employ the same reasoning. We agree with defendant that the opinion in said cases do not clarify the confusion existing with reference to the question.

The judgment should be affirmed. It is so ordered. All concur, except *Hays, C. J.,* absent.