## TEXAS CO. v. OKLAHOMA TAX COMMISSION.

No. 32270.   Sept. 23, 1947.

As Corrected Jan. 22, 1948.

Rehearing Denied Jan. 27, 1948.

*249 P. 2d 982.*

Amos, Monnet, Hayes & Brown, Oklahoma City, and Y. A. Land, John

R. Ramsey, and B. W. Griffith, Tulsa, for plaintiff in error.

E. L. Mitchell and C. W. King, Oklahoma City, for defendant in error.

WELCH, J. This action tests the validity of certain state tax assessments, gross production and oil excise tax, made against The Texas Company for oil production, under departmental leases on restricted lands of Kiowa and Apache Indians.

The plaintiff, hereinafter referred to as "Company," paid the taxes under protest to the Oklahoma Tax Commission (hereinafter referred to as "Commission") and sued for recovery back. Plaintiff claimed there was legal immunity from such taxes because in the operation of such leases and in the production of such oil, "Company" was an instrumentality of the federal government.

That such a lease is an instrumentality of the federal government has been held in many cases hereinafter cited. Among the first such cases, if not the first, was Indian Territory Illuminating Oil Co. v. State of Oklahoma, 240 U.S. 522, 36 S.Ct. 453, 60 L. Ed. 779.

As applied to a gross production tax on oil, the exact contention of "Company" of immunity from such tax was sustained in Large Oil Co. v. Howard, 248 U. S. 549, 39 S. Ct. 183, 63 L. Ed. 416, and in Howard v. Gypsy Oil Co., 247 U.S. 504, 38 S. Ct. 426, 62 L. Ed. 1239.

And the United States Congress has acted on the theory that such immunity exists in the case of leases of this character unless waived. The Congress has adopted acts expressly waiving such immunity and granting to this state the authority to apply the gross production tax as to certain designated Indian lands, the Osage Indian lands by Act in 1921 (41 Stat. at L. 1250), the Kaw Indian lands by Act in 1924 (43 Stat. at L. 176, 177), and as to lands of the Five Civilized Tribes by Act in 1928 (43 Stat. at L 496).

As applied to the oil excise tax the exact contention of immunity from such tax here made by "Company" has been sustained by this court in Barnsdall Refineries, Inc., v. Oklahoma Tax Commission, 171 Okla. 145, 41 P. 2d 918, affirmed in State of Oklahoma v. Barnsdall, 296 U.S. 521, 56 S. Ct. 340, 80 L. Ed. 366.

Thus it has been established and for many years recognized in this court, in the Congress and in the Supreme Court of the United States, that in the case of such leases, neither of the taxes here involved may be imposed without waiver of immunity or permissive legislation by the Congress.

But the "Commission" contends that, in foundation, the above rule rests upon other and former decisions of the Supreme Court of the United States dealing generally with the "governmental instrumentality" rule, and that all such former decisions as well as those heretofore cited, were in effect overruled in Helvering v. Mountain Producers Corp., 303 U. S. 376, 58 S. Ct. 623, 82 L. Ed. 907.

Upon consideration of that point we observe the Mountain Producers case relates to income tax assessed against the net income or personal profit earned by a lessee in a position similar to that of "Company."

Long prior to the Mountain Producers Case that court had extended the governmental instrumentality rule to include such personal income or proffit within the tax immunity, and had held that income tax could not be assessed against such an oil and gas lessee. See Gillespie v. Oklahoma, 257 U.S. 501, 42 S. Ct. 171, 66 L. Ed. 338, and Burnet v. Coronado Oil & Gas Co., 285 U. S. 393, 52 S. Ct. 443, 76 L. Ed. 815.

The decision in the Mountain Producers Case was a reconsideration of that exact income tax question, and in the latter case that court held that such extension of the governmental

instrumentality rule was without adequate foundation or support, and that court expressly overruled the two former decisions, the Gillespie case and the Burnet case, and expressly held in the Mountain Producers case that the income tax might properly be assessed.

While that court thus specifically restricted the limits of the governmental instrumentality rule to that extent, we do not find in that decision any abolition of the rule, or any further departure from former application of the rule than is specifically made in or by that decision.

The Mountain Producers Case specifically overruled the two former income tax cases mentioned, but did not expressly overrule either of the gross production tax cases above cited nor the Barnsdall case, supra, nor indicate any specific intention of so doing.

It is the view of the writer of this opinion, speaking for himself alone, that for the reasons pointed out in the briefs one might well join in the request that the Supreme Court of the United States reconsider this question as applied to a tax on the oil as it did reconsider the question as applied to the tax on the personal income or net profit of the oil producer, which consideration resulted in a reversal of the rule as to such income tax as we have noted. But it is thought beyond the power of this court to now engage in such reconsideration, in view of the cited decisions of the higher authority which thus far wholly sustain the claim of "Company" to immunity from the tax here involved.

Upon questions of federal law, citizens and their attorneys have the right to rely upon decisions of the Supreme Court of the United States, and upon such questions it is our fixed duty to follow such decisions, leaving to the United States Congress or Supreme Court the making of the necessary changes in such legal rules.

In a later case, United States v. County of Allegheny, 322 U. S. 174, 64 S. Ct. 908, 88 L. Ed. 1209, the Supreme Court of the United States recognized that in the Mountain Producers Case the rule of implied immunity had been "sharply curtailed," but that is not to say an abolition of the rule, but a limitation or curtailment thereof, definitely leaving the balance thereof in full force.

Other authorities are cited to support the view of "Commission" as to the implied or extended effect to be given the Mountain Producers decision. We have considered them but find further discussion of them not necessary, other than to say that we cannot construe the decision in the Mountain Producers Case to go to the extent contended for.

We regard the decisions of the Supreme Court of the United States, supra, as binding upon us, and in view thereof the plaintiff's petition stated a cause of action. It was error to sustain a demurrer thereto.

The trial court judgment for defendant is reversed. And since there is no question as to the aforesaid facts, which are alleged by plaintiff and admitted by defendant, final judgment is hereby rendered for plaintiff and against the defendant for the sum sued for. The cause is remanded with directions to the trial court that such judgment be duly entered of record.

HURST, C.J., DAVISON, V.C.J., and RILEY, GIBSON, and LUTTRELL, JJ., concur. CORN, J., dissents.