## MAGNOLIA PETROLEUM CO. v. OKLAHOMA TAX COMMISSION.

No. 32678.   Sept. 23, 1947.

Rehearing Denied Jan. 27, 1948.

*249 P. 2d 990.*

See, also, 207 Okla. 367, 249 P. 2d 992.

Walace Hawkins, Dallas, Tex., and Robert W. Richards, Oklahoma City, for plaintiff in error.

E. L. Mitchell, Edmund J. Armstrong and C. W. King, Oklahoma City, for defendant in error.

WELCH, J.   This appeal tests the validity of certain tax assessments, the gross production and oil excise tax, made against the Magnolia Petroleum Company for oil production under departmental leases on restricted lands or trust title lands of Pottawatomie, Apache, Comanche, Otoe and Missouri Indians.

When the commission served notice of such assessments the company filed its protests, the several notices and protests being consolidated for hearing. After hearing the commission entered its order sustaining the assessments and upon appropriate statute, the company appeals to this court.

The chief question, and as we now regard it, the controlling question is, whether oil production under such admitted circumstances is subject to the state tax involved.

This question was determined in Texas Company v. Oklahoma Tax Commission, 207 Okla. 363, 249 P. 2d 982. Here also we conclude that the rule of immunity specifically upheld by the Supreme Court of the United States is binding and conclusive. See Howard v. Gypsy Oil Co., 247 U. S. 503, 62 L. Ed. 1239, and Large Oil Co. v. Howard, 248 U. S. 549, 63 L. Ed. 416.

Other questions are here presented by the company, but we deem it unnecessary to discuss or consider them in view of this determination.

By virtue of the controlling force of the authorities cited, we conclude that this oil production, or oil as produced, was not subject to the tax involved.

Therefore, the order appealed from is reversed, with directions that the tax assessments involved be vacated.

HURST, C.J., DAVISON, V.C.J., and RILEY, GIBSON, and LUTTRELL, JJ., concur. CORN, J., dissents.