## MAGNOLIA PETROLEUM CO. v. OKLAHOMA TAX COMMISSION.

No. 32678.   Jan. 29, 1952.

Rehearing Denied Sept. 30, 1952.

Application for Leave to File Second Petition for Rehearing Denied Nov. 5, 1952.

*249 P. 2d 992.*

See, also, 207 Okla. 385, 249 P. 2d 985.

Walace Hawkins, Dallas, Tex., and Robert W. Richards, Oklahoma City, for plaintiff in error.

R. F. Barry, Oklahoma City, for defendant in error.

Mac Q. Williamson, Atty. Gen., and James C. Harkin, Asst. Atty. Gen., Oklahoma City, amicus curiae.

BINGAMAN, J.   The Oklahoma Tax Commission served notice of assessment upon the Magnolia Petroleum Company, levying gross production taxes and proration taxes against the oil and gas production from the company's seven-eighths working interest in leases on lands held in trust by the United States for the so-called "Wild Tribes" of Indians, which leases were owned and operated by the plaintiff in error. The taxes so assessed were for the period from June 1, 1942, to March 1, 1946. After hearing the Tax Commission entered its order finding the taxes due and unpaid. The taxes were paid to the tax commission under protest. An appeal has been perfected by the Magnolia from such order.

In this court on appeal the Tax Commission argued that the earlier decisions of the Supreme Court of the United States, in Large Oil Co. v. Howard, 248 U. S. 549, 63 L. Ed. 416, 39 S. Ct. 183, and Howard v. Gipsy Oil Co., 247 U. S. 503, 62 L. Ed. 1239, 38 S. Ct. 426, had been overruled by the decision in Helvering v. Mountain Producers Corp., 303 U. S. 376, and that the tax was therefore properly assessed. We held that since the Mountain Producers case was limited to a holding that an income tax could not be assessed against income received by the beneficiary of a trust estate, whose income was derived from production from state lands, we did not feel at liberty to extend the effect of the decision beyond the question considered by the Supreme Court of the United States, and that any further extension of the doctrine enunciated therein should be announced by the court which rendered the decision. We therefore reversed the order of the Oklahoma Tax Commission. This decision was not then officially reported due to the fact that an appeal was taken by the Oklahoma Tax Commis-

sion to the Supreme Court of the United States. It is now reported in 207 Okla. 366, 249 P. 2d 990.

On writ of certiorari the Supreme Court of the United States reversed this court, holding that while the Mountain Producers case involved the application of the Federal Income Tax Law to the cestui of an express trust which received the proceeds of the sale of oil taken from school lands owned by the state of Wyoming, the decision had a much broader scope and should not be limited to income tax alone. In its opinion, reported in 336 U. S. 342, 69 S. Ct. 561, 573, 93 L. Ed. 721, the court expressly overruled Large Oil Co. v. Howard and Howard v. Gipsy Oil Co., supra, and other prior decisions granting immunity from taxation to lessees of such restricted lands, holding that the decision in Helvering v. Mountain Producers was as applicable to the present case as it was to decisions therein overruled which applied only to income taxes. The court said:

"The Mountain Producers case was not decided on narrow, merely technical or presumptive grounds. Its very foundation was a repudiation of those insubstantial bases for securing broad private tax exemptions, unjustified by actual interfering or destructive effects upon the performance of obligations to or work for the government, state or national. The decision came as the result of experience and of observation of the constant widening of the exempting process from tax to tax to tax."

After the United States Supreme Court's decision was announced, the Magnolia Petroleum Company filed a petition for rehearing, confined to the single proposition that since the decision overruled the formerly recognized rule announced by such court, it should be applied prospectively only from and after the date thereof. The United States Supreme Court denied this petition for rehearing and refused to hold that its decision should operate prospectively only. The order denying rehearing, however, held that nothing in that court's opinion should be construed as

forbidding the Supreme Court of this state from giving the opinion prospective effect only if posible or desirable under Oklahoma law. 336 U.S. 958, 69 S. Ct. 888, 93 L. Ed. 1111.

Following that decision the parties have filed briefs upon the question of whether such decision should be made to operate prospectively only. The matter has been fully discussed in the companion case of the Texas Company v. Oklahoma Tax Commission, 207 Okla. 385, 249 P. 2d 985. This issue is identical in both cases, and following the reason and citation of authorities set out in the companion case, we deny the request for prospective effect only of such decision.

The order of the Tax Commission is affirmed.

ARNOLD, C.J., HALLEY, V.C.J., and WELCH, CORN, DAVISON, and JOHNSON, JJ., concur. GIBSON and O'NEAL, JJ., dissent.