## MARLAND v. UNITED STATES.
### No. K–322.

Court of Claims.
June 5, 1933.

For former opinion, see 53 F.(2d) 907.

David A. Richardson, of Oklahoma City, Okl. (Samuel W. Hayes, of Oklahoma City, Okl., on the brief), for plaintiff.

George H. Foster and W. W. Scott, both of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

Plaintiff's motion for a new trial on the question whether the profits derived by him from the sale of leases theretofore acquired from the state of Oklahoma were subject to federal income tax was allowed with leave to take additional testimony with respect to this question. Additional evidence was taken, and we have made additional special findings of facts as requested by the parties.

Plaintiff relies in general upon the principle announced in Gillespie v. State of Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338, and applied in Burnet v. Coronado Oil & Gas Co., supra, and contends that the rule laid down by the court in these cases entitles him to judgment under finding 7 herein that, "if the profits derived from the resale of such leases by the lessees of the State are held subject to income and excess profits taxes by the Federal Government, that holding would have the effect to restrict and to limit substantially the market for such leases, and to substantially lessen the price obtainable by the State therefor." He claims that the case of Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 129, 75 L. Ed. 304, is also an authority in his favor upon the principle upon which he relies for the reason that in that case the court said: "Before we can restrict their [the taxing acts'] application upon the ground of a burden cast upon the state's borrowing power, where the tax is not laid upon the contracts made by the State in the exercise of that power, or upon the amounts payable thereunder, but is laid upon the result of distinct transactions by private owners, it must clearly appear that a substantial burden upon the borrowing power of the State would actually be imposed. * * * Before the power of the Congress to lay the excise tax in question can be denied in the view that it imposes a burden upon the

State's borrowing power, it must appear that the burden is real, not imaginary; substantial, not negligible."

He therefore contends that the tax here in question must be held invalid on the ground that under the facts it has been made to appear that it casts a substantial burden upon the state's leasing power, and that its effect is to hamper the state's efforts to make the best terms possible for its public schools, a function strictly governmental in character. The defendant also relies upon the case of Willcuts v. Bunn, supra, as authority for its position that the profits on the sale of the leases are subject to federal taxation.

We have again carefully considered this question in the light of the additional facts established on the new trial, and in the light of the reargument and the authorities cited by the parties in support of their respective positions, and have again come to the conclusion announced in the opinion of December 7, 1931, that plaintiff is not entitled to recover and that the petition must be dismissed.

In Group No. 1 Oil Corp. v. Bass, 283 U. S. 279, 51 S. Ct. 432, 433, 75 L. Ed. 1032, the court had before it the question of the taxability of profits derived from oil leases on public lands of Texas. In that state, unlike Oklahoma, the granting of a lease on oil and gas lands constitutes a sale of oil and gas located beneath the surface. The case therefore was one of a claimed immunity from taxation because of the source of the title. The court, while recognizing that the state's property before sale could not be taxed by the federal government, nor could the sale thereof be taxed, said:

"But it does not follow that the same property in the hands of the buyer, or his use or enjoyment of it, or the income he derives from it, is also tax immune. City of New Brunswick v. United States, 276 U. S. 547, 48 S. Ct. 371, 72 L. Ed. 693; Forbes v. Gracey, 94 U. S. 762, 24 L. Ed. 313; Tucker v. Ferguson, 22 Wall. 527, 22 L. Ed. 805; see Weston v. Charleston, 2 Pet. 449, 468, 7 L. Ed. 481; Veazie Bank v. Fenno, 8 Wall. 533, 547, 19 L. Ed. 482. Theoretically, any tax imposed on the buyer with respect to the purchased property may have some effect on the price, and thus remotely and indirectly affect the selling government. We may assume that, if the property is subject to tax after sale, the governmental seller will generally receive a less favorable price than if it were known in advance that the property in the hands of later owners, or even of the buyer alone, could not be taxed.

"But the remote and indirect effects upon the one government of such a nondiscriminatory tax by the other have never been considered adequate grounds for thus aiding the one at the expense of the taxing power of the other. See Willcuts v. Bunn, 282 U. S. 216, 231, 51 S. Ct. 125, 75 L. Ed. 304; Educational Films Corp. v. Ward, 282 U. S. 379, 51 S. Ct. 170, 75 L. Ed. 400; Metcalf & Eddy v. Mitchell, 269 U. S. 514, 523, 524, 46 S. Ct. 172, 70 L. Ed. 384. This Court has consistently held that, where property or any interest in it has completely passed from the government to the purchaser, he can claim no immunity from taxation with respect to it, merely because it was once government owned, or because the sale of it effected some government purpose. City of New Brunswick v. United States, supra; Forbes v. Gracey, supra; Tucker v. Ferguson, supra; see Gromer v. Standard Dredging Co., 224 U. S. 362, 371, 32 S. Ct. 499, 56 L. Ed. 801; Choctaw, O. & G. R. Co. v. Mackey, 256 U. S. 531, 537, 41 S. Ct. 582, 65 L. Ed. 1076; Central Pacific R. Co. v. California, 162 U. S. 91, 125, 16 S. Ct. 766, 40 L. Ed. 903; Union Pac. Railroad Co. v. Peniston, 18 Wall. 5, 35–37, 21 L. Ed. 787; Weston v. Charleston, supra, page 468 of 2 Pet. [7 L. Ed. 481]."

The court recognized the principle of the Gillespie Case, but, upon the basis that the property had passed to the buyer, held that the limits of the immunity had been exceeded. The income from the oil and gas produced was held in that case subject to tax by the federal government.

In Susquehanna Power Co. v. State Tax Commission of Maryland (No. 1), 283 U. S. 291, 51 S. Ct. 434, 435, 75 L. Ed. 1042, immunity was claimed from state taxation because of the use of property otherwise taxable, pursuant to and in connection with a license from the federal government. The court in denying the claim for immunity said: "Assuming, for present purposes, that the license of the Power Commission is a federal instrumentality, immune from taxation or other direct interference by the state, it does not follow that the property appellant uses in its power project is clothed with that immunity. The exemption of an instrumentality of one government from taxation by the other must be given such a practical construction as will not unduly impair the taxing power of the one or the appropriate exercise of its functions by the other. * * *"

In the case of the Indian Motocycle Co. v. United States, 283 U. S. 570, 51 S. Ct. 601, 604, 75 L. Ed. 1277, 'the court reaffirmed the principle of immunity and applied it in that case which involved a tax levied on the sale of motorcycles to a municipal corporation for use in its police service, and distinguished the case of Willcuts v. Bunn, supra, as follows: "* * * For the taxes there in question were not laid on transactions involving an exertion of governmental functions and their bearing on governmental operations was so indirect or remote as to place them outside the principle which is applicable here."

In Burnet v. Coronado Oil & Gas Co., supra, the court applied the principle announced in the Gillespie Case and held that income derived from the sale of oil and gas produced from lands leased from the state of Oklahoma was exempt from tax, but indicated that the principle should not be extended. It was there said that: "We are disposed to apply the doctrine of Gillespie v. Oklahoma strictly and only in circumstances closely analogous to those which it disclosed. * * * *"

In Fox Film Corporation v. Doyal, 286 U. S. 123, 52 S. Ct. 546, 547, 76 L. Ed. 1010, the court declined to apply the principle of immunity where the burden upon the state was indirect and remote. In this case the court said: "The principle of the immunity from state taxation of instrumentalities of the federal government, and of the corresponding immunity of state instrumentalities from federal taxation—essential to the maintenance of our dual system—has its inherent limitations. It is aimed at the protection of the operations of government (McCulloch v. Maryland, 4 Wheat. 316, 436, 4 L. Ed. 579), and the immunity does not extend 'to anything lying outside or beyond governmental functions and their exertion.' (Indian Motocycle Co. v. United States, 283 U. S. 570, 576, 579, 51 S. Ct. 601, 603, 75 L. Ed. 1277). Where the immunity exists, it is absolute, resting upon an 'entire absence of power' (Johnson v. Maryland, 254 U. S. 51, 55, 56, 41 S. Ct. 16, 65 L. Ed. 126), but it does not exist 'where no direct burden is laid upon the governmental instrumentality, and there is only a remote, if any, influence upon the exercise of the functions of government' (Willcuts v. Bunn, 282 U. S. 216, 225, 51 S. Ct. 125, 127, 75 L. Ed. 304)."

The immunity from taxation applies only where the tax would be a real and direct burden upon the state's exercise of its governmental functions, and it is our opinion that under the cases cited the burden upon the state of Oklahoma in leasing its public lands on the best possible terms, because of the tax that may be exacted from the lessee upon the sale by him of his leases from the state, is so indirect and remote as to place it outside the principle that one government may not levy a tax upon the functions or instrumentalities of another. Although it is shown in this case that a lessee of oil lands from the state of Oklahoma would pay more to the state for a lease in the first instance, if he were assured that profits from the sale of a lease would be exempt from federal income tax, this was doubtless true in Group No. 1 Oil Corp. v. Bass, supra.

The tax offends the implied constitutional prohibition only if it is imposed directly upon a governmental instrumentality, or if, though it is not so imposed, its effect is to place a direct and substantial burden upon the exercise of a governmental function. Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. 304; Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384. A gain derived by a taxpayer through a sale of property or interest therein acquired from a state, whether acquired in the form of a lease or by purchase, does not, in our opinion, fall within the implied constitutional prohibition against taxation. "The immunity does not extend to anything lying outside or beyond governmental functions and their exertion. * * *" Indian Motocycle Co. v. United States, supra. The immunity from taxation extends only to those agencies through which the state immediately and directly exercises its sovereign powers, and it is apparent that not every one who uses his property or derives a profit, as a result of his dealings with the government, may clothe himself with immunity from taxation. Metcalf & Eddy v. Mitchell, supra.

Plaintiff is not entitled to recover and his petition is dismissed. It is so ordered.

WHALEY, WILLIAMS, and GREEN, Judges, concur.

BOOTH, Chief Justice, did not hear this case on account of illness, and took no part in its decision.