**WILTSIE v. UNITED STATES.**

No. M–106.

Court of Claims.

June 19, 1933.

J. Robert Sherrod, of Washington, D. C. (George G. Box and Miller & Chevalier, all of Washington, D. C., on the brief), for plaintiff.

Fred K. Dyar and W. W. Scott, both of Washington, D. C., for the United States.

Clarence E. Wilcox, Corp. Counsel, of Detroit, Mich. (Walter Barlow, of Detroit, Mich., on the brief), amici curiæ for City of Detroit, Mich.

J. W. Watson, Jr., of Miami, Fla., amicus curiæ for City of Miami, Fla.

Clinton K. Hughes, of Asheville, N. C., amicus curiæ for Buncombe County, N. C.

Thomas H. Remington, of Rochester, N. Y., amicus curiæ for Manuel Faust.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

In so far as the question presented in this case is concerned, plaintiff was engaged in the business of purchasing from counties. and municipalities delinquent real estate taxes annually advertised and offered for sale by such counties and municipalities; such delinquent taxes constituted under the laws of political subdivisions of states first liens on the real property of the taxpayer and carried legal interest of from 10 to 12 per cent. per annum. Upon such sales the county or municipality making the sale issued, by its authorized official, certificates of such sale and of the lien to the plaintiff. In each instance plaintiff or other persons purchasing such delinquent tax-

es and liens paid to the county or municipality the amount of the tax and his profit in the transaction, and the income, the taxation of which is involved in this proceeding, consisted of the interest provided by law and received from the taxpayer upon the payment of the tax or upon the foreclosure of the lien. It is earnestly urged by counsel for the plaintiff and by counsel who have filed briefs amicus curiæ that purchasers of delinquent tax sale certificates are instrumentalities of counties or municipalities selling such delinquent taxes; that such sales of delinquent taxes are not only the most speedy but by far the most effective aid to the collection of taxes yet devised in municipal charters; that such sales are strictly a governmental function; and that the only alternative available to the county or municipality to raise funds to carry on its operations would be to issue long or short term bonds or tax anticipation warrants, which would be expensive because of interest obligations incurred and because the issuance of each such issue would weaken the credit of the municipality for future borrowings. It is also earnestly urged upon the court that it is incorrect to refer to the purchase of the delinquent tax and the lien therefor, upon the property of the taxpayer for the payment of the amount of the delinquent tax, as a sale, since, what actually happens is, the city really borrows money on the tax liens created by its assessments and that, in effect and practice, a delinquent real estate tax sale certificate represents a loan by the purchaser of the delinquent tax secured by the lien to the county or municipality for an indefinite period of time with a first lien against specific property, that the imposition of a federal tax upon the gain derived by the purchaser of such delinquent taxes would constitute a direct and substantial burden upon the county or municipality in the collection of revenue, a governmental function of the highest type, and that the plaintiff, in purchasing these delinquent taxes, not only became a means or instrumentality of the municipality, but performed the very important function so intimately connected with the exercise of the power of the municipal government to lay and collect taxes that any taxation·of income arising from the transaction is such an interference with the functions of the government as plainly to be beyond the taxing power of the United States.

▇▇▇ Upon a careful consideration of the facts and circumstances disclosed by this case, we are of opinion that the imposition of a federal tax upon the income derived by plaintiff through the purchase of such delinquent taxes does not result in a direct burden upon a governmental instrumentality, and that there is only a remote, if any, influence upon the exercise of the functions of the government. The federal tax in question on the income received by plaintiff from dealing solely for personal gain in delinquent tax sale certificates purchased from counties and municipalities does not, we think, impose such a burden on any subdivision of a state as falls within the implied constitutional prohibition against taxation by the federal government of agencies or instrumentalities of a state or political subdivision thereof. Metcalf & Eddy v. Mitchell, 269 U. S. 514, 523, 524, 46 S. Ct. 172, 70 L. Ed. 384; Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 130, 75 L. Ed. 304; Group No. 1 Oil Corp. v. Bass, 283 U. S. 279, 51 S. Ct. 432, 75 L. Ed. 1032; Indian Motorcycle Co. v. United States, 283 U. S. 570, 51 S. Ct. 601, 75 L. Ed. 1277; Marland v. United States (Ct. Cl.) 3 F. Supp. 611, decided June 5, 1933. It is firmly established that the federal·government cannot impose a tax which directly burdens the operation of governmental functions within the degree which the decided cases have established, and the present case calls for a consideration merely of whether the facts in this case show that the tax in question is upon a governmental means or instrumentality, or imposes·a direct and substantial burden upon a governmental function which falls within the prohibitive class. The implied constitutional prohibition against taxation by the federal government of agencies or instrumentalities of a state or its political subdivisions is limited to protecting the states, their agencies and instrumentalities, in the performance of their strictly governmental functions against substantial interference through taxation. All of the decided cases, and particularly those of recent date, make it clear that a tax offends the implied constitutional prohibition only if it is imposed directly upon a government instrumentality, or, even though not so imposed, its effect is to place a substantial burden upon the exercise of a governmental function. Metcalf & Eddy v. Mitchell, supra; Willcuts v. Bunn, supra; Indian Motorcycle Co. v. United States, supra; Group No. 1 Oil Corp. v. Bass, supra.

In the present case the plaintiff made an outright purchase of the delinquent tax which carried with it a first lien upon real property of the taxpayer and also interest at a high rate from which he derived his gain. After the purchase he was the owner of the tax

claim and the lien and entitled to the interest. He realized his profit at no cost to the municipality. Upon sale by the municipality it simply received the amount of the delinquent tax at an earlier date than it would otherwise have received it, but its direct interest there ceased. The purchaser of the delinquent tax, with the view of thereafter deriving a gain from the collection of such tax and interest thereon secured by a first lien upon real estate, is, we think, in no different position as concerns the municipality than a purchaser of any other character of property from a municipality. In Group No. 1 Oil Corp. v. Bass, supra, a lessee of oil lands belonging to the state of Texas was held taxable upon income derived from the oil extracted from the lands so leased on the ground that the lease under the law of that state constituted a sale of the oil in place. In Willcuts v. Bunn, supra, the court held that a federal tax imposed upon the profit derived by a purchaser of municipal securities did not result in a direct burden upon a governmental instrumentality and that there was only a remote, if any, influence upon the exercise of the functions of the government. We are unable to discover any distinction in principle between those cases and the instant case. In Marland v. United States, supra, we held that a gain derived through dealing in property or an interest therein acquired from a state, whether acquired in the form of a lease or by purchase, does not fall within the implied constitutional prohibition against taxation. The purchaser of a delinquent tax secured by a first lien on real estate is not, in our opinion, more intimately connected with the municipality than was the lessee from the state of Texas. Group No. 1 Oil Corp. v. Bass, supra.

It is insisted that the sales of delinquent taxes are conducted for the benefit of municipalities and not for the benefit of the investor in such delinquent taxes, and that, when the municipality discovers a marked decline in revenues from such tax sales, particularly in times like the present, the burden is "real, not imaginary; substantial, not negligible," as was said by the court in Willcuts v. Bunn, supra. But this decline in the amount of revenue coming in to the treasury of the municipality and the resulting burden might equally result from the imposition by the federal government of a tax on the general income of taxpayers who are citizens of the various counties and municipalities concerned. It may be that, if the profits derived from the purchase of delinquent tax sale certificates were exempt from federal taxation, purchasers might purchase a larger proportion of the delinquent taxes annually offered for sale by counties and municipalities, but, in view of the nature of the transaction from which the purchaser of delinquent taxes derives his income, we think that fact would not render the federal tax upon the income of such purchaser invalid under the implied constitutional prohibition. In our opinion the burden complained of in this case on the county or municipality is too remote and indirect to render the tax invalid. The taxing power of either government, even when exercised in a manner admittedly necessary and proper, unavoidably has some effect upon the other.

Upon the whole, we are of opinion that the income of plaintiff was not exempt from taxation by the federal government, and the petition must therefore be dismissed. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.