185 So.2d 762 (1966)
Marilee SMITH and S.C. Smith, Her Husband, Appellants,
v.
CITY OF ARCADIA, a Municipal Corporation of the State of Florida, Appellee.
No. 5836.
District Court of Appeal of Florida. Second District.
April 20, 1966.
Rehearing Denied May 13, 1966.
*763 H.G. Jones, Arcadia, for appellants.
Lewis E. Purvis, Arcadia, for appellee.
PATTON, ROBERT W., Associate Judge.
This is an appeal from a Final Decree entered in the Circuit Court of the Twelfth Judicial Circuit in and for DeSoto County, on December 11, 1964 in the case of City of Arcadia vs. Certain Lands Upon Which Taxes and Special Assessment Liens Are Delinquent, etc.
For a clear understanding of the factual situation in the case being appealed, it is essential that some facts be stated in this opinion. On July 16, 1964 the City of Arcadia filed its Complaint pursuant to the provisions of Chapter 173 of the Florida Statutes, F.S.A. for the purpose of foreclosing its claimed liens for municipal taxes and special assessments against a number of parcels of land, one of which is involved in this appeal. This Complaint, insofar as this appeal is concerned, sought to foreclose municipal taxes for the year 1923 in the principal amount of $38.00 against Lot 53 of Block 20 of Oak Ridge Park, a subdivision of the City of Arcadia, said lot being owned by the Appellants. Subsequent to the filing of said suit, a Motion for Severance was filed on behalf of the Appellants and certain other property owners, which Motion was granted. Thereafter the Appellants filed an Answer and Counterclaim and among other defenses alleged that the claim of the Appellee, with respect to Appellants' land, was barred by the provisions of Section 95.021 of the Florida Statutes, F.S.A. The Appellants also asserted that the Appellee was guilty of laches and was also estopped by virtue of certain conduct from foreclosing the tax in question. The Counterclaim sought to require the Appellee to reimburse the owners of all property in the City of Arcadia who had paid, rather than having their properties made the subject of said foreclosure action, taxes and special assessments thereon which had been due for more than twenty years at the time of such payment.
Various motions were filed in the Trial Court with regard to the Appellants' Answers and Counterclaim with the end result that the Trial Court struck all of the defenses, except that of estoppel, and dismissed the Counterclaim. The defense of estoppel was based upon the claim by the Appellants that in 1926 the Appellee, through its then City Attorney, had receipted payment for municipal taxes for the year 1924 and 1925 on the subject lot, said taxes having then been delinquent, and failed to advise the Appellants that there was any delinquent tax thereon for *764 1923, thus leading the Appellants to believe that all delinquent taxes had been paid.
After the proceeding as outlined above, the Appellee filed a Motion for Summary Judgment against the lot owned by Appellants with supporting affidavits. The Appellants then filed affidavits in opposition to said Motion and on December 11, 1964 the Final Decree appealed from was entered. In this Final Decree the Trial Court determined that the Appellants were "not in a position to plead estoppel against the Plaintiff" and found that there was no genuine issue of any material fact, and that the Appellee was entitled to said Final Decree.
It is of importance to note that no tax certificate was issued by the Appellee with respect to the tax in question in this appeal. The Charter of the City of Arcadia, as amended by Chapter 6323 Laws of Florida 1911, which was in effect at all times material to this action, did not provide for the issuance of tax certificates evidencing delinquent taxes but simply provided for the assessment and collection of taxes and for actions to be brought for the collection of delinquent taxes. With respect to such actions, the following provision was made in said Amendment to Charter:
"* * * and in all suits which the said City Solicitor may bring for the collection of taxes, or the enforcement of liens, the proceedings shall be similar to those provided by statute for proceedings in chancery for the foreclosure of liens in chancery * * *."
One of the grounds upon which the Appellants base this appeal was the failure of the Appellee to issue tax certificates evidencing its delinquent taxes, and as authority for such position relies on Section 193.61, Florida Statutes, F.S.A. We do not believe that there is any merit in this contention as the last cited act specifically provides that it does not purport to abridge or limit any power granted, or thereafter granted, to any municipality with respect to the method of assessing, levying or collecting the taxes.
Insofar as the Trial Court's action on the Counterclaim and on the defense of estoppel is concerned, it is our opinion that same must be upheld for the reason that the Counterclaim did not state a cause of action, and with respect to the defenses of estoppel the affidavits submitted on behalf of the Appellants in opposition to the Motion for Summary Judgment were vague and uncertain. However, we feel that the Trial Court was in error in striking the defenses of laches and of the Statutes of Limitation. The action in the lower court was filed on the chancery side, and although a court of equity is not bound by Statutes of Limitation, it can, as hereinafter pointed out, treat such Statutes as being of repose. While the defense of laches might well have precluded the Appellee with respect to the particular property in question in this appeal by reason of the fact that said Appellee waited more than forty years before taking action on the tax in question and by further reason of the fact that this 1923 tax appears to have been the only delinquent tax assessed by the Appellee on said property, it is our opinion that the Trial Court should have sustained the defense of the Statutes of Limitation for the reasons hereinafter set forth.
There are two Statutes of Limitation which specifically refer to tax certificates which we believe to be applicable to this case. One of these is now contained in Section 196.12, Florida Statutes, F.S.A., having been originally enacted in 1939, the portions of which are material to this action are as follows:
"A period of twenty years is declared to be the life of any tax certificate issued against any lands in the state, whether issued for state and county taxes or issued by a municipality for municipal taxes, and held by any private holder, natural or corporate, partnership, trustee, estate of deceased person, or other *765 person or persons under disability, or otherwise, such period of twenty years to be reckoned from the date of the issuance of such tax certificate; and when such certificate becomes twenty years old, reckoned from the date of its issuance, the same shall be deemed and held to be barred by this statute of limitation, and no action on such certificate shall be maintained by any such private holder in any court of this state, and no tax deed shall issue thereof. This section shall not be construed so as to make it unlawful for the state or any municipality to sell, to third persons or private purchasers, tax certificates which become twenty years old after the effective date of chapter 19515, acts 1939, but as to all such tax certificates which are so sold and which become twenty years old after said act became a law, and as to all tax certificates, now held by the state or any municipality, which are already twenty years old, and which may be sold, the purchaser or purchasers shall be limited to five years from the date of purchase of such certificate or certificates in which to apply for a tax deed or institute other action for recovery on or enforcement of such certificate or certificates.
"The provisions and the limitations herein prescribed for tax certificates shall not apply to tax certificates which were sold under the provisions of chapter 18296, acts 1937, commonly known as the Murphy act."
The other of these statutes is now contained in Section 194.58, Florida Statutes, F.S.A., having originally been enacted in 1947, the portions of which are material to this action are as follows:
(1) "After the expiration of twenty years from the date of issuance of any tax sale certificate issued against any lands in the state, whether issued for state taxes, state and county taxes, county taxes, or issued by a municipality for municipal taxes, and held by any private holder, natural or corporate, partnership, trustee, estate of deceased person, or other person or persons under disability, or otherwise, and no application for tax deed thereon, or other administrative or legal proceeding is pending involving said tax sale certificate, the several clerks of the circuit court of the state are authorized, empowered and directed to note the cancellation by this section of such twenty year old tax sale certificate upon any and all records thereof in the office of such clerk.
(2) "The several clerks of the circuit court shall accomplish such cancellation by entering opposite the record of such twenty year old tax sale certificate, a notation in substantially the following form: `Cancelled by Act 1947 Florida Legislature.'
(3) "Immediately upon this section taking effect, the several clerks of the circuit court shall comply with the provisions hereof as to any and all tax sale certificates which are then twenty years old or older, and thereafter shall note the cancellation of any and all other such tax sale certificates from time to time as the same come within the terms of this section."
In 1953 the Legislature enacted what is now Section 95.021, Florida Statutes, F.S.A., the material portion of which is as follows:
"The provisions of existing law, whether provided for in this chapter or any other chapter, whereby an action is barred if not commenced within twenty years, shall apply to any action by the state, or any of its agencies, or by any officer or persons on behalf of the state or any of its agencies, or by any county or municipal corporation of the state."
The language of this last quoted statute can leave no doubt that it was the intention of the Legislature, among other statutes of limitation, to make the above quoted provisions of Sections 196.12 and 194.58 applicable to the State of Florida and all of *766 its agencies and all counties and municipal corporations of this state and thereby fixing the life of tax certificates issued by municipalities, as well as those issued by the state, etc., at twenty years.
Insofar as the present appeal is concerned, this leaves only one question to be determined and that is whether or not it was the intention of the Legislature, by the enactment of Section 95.021, to fix a twenty year period of limitation on municipal tax certificates but to except from the operation of such statute, municipal taxes levied and assessed more than twenty years ago when no tax certificate was issued evidencing same.
This precise question does not appear to have been previously considered by any of the Appellate Courts of this State but a very similar question was the subject of the opinion of the District Court of Appeal of the Third District in the case of Ware v. City of Miami, Fla.App. 1961, 132 So.2d 446. In that case an action was instituted in the lower court to quiet title to certain real estate against special assessment liens levied by the City of Miami more than twenty years prior to the institution of the action. No certificates appear to have been issued in connection with these assessment liens. The Trial Court in that case held that the City of Miami was not bound by any statute of limitation and the District Court of Appeal reversed the lower court holding that these special assessment liens were barred by the statute of limitation by reason of Section 95.021 of the Florida Statutes. The Appellate Court referred to Section 196.12 of said statute but also compared the lien of the special assessment to that of a mortgage and noted that the provisions of Section 95.28 of the Florida Statutes might also apply due to the fact that under the Charter of the City of Miami, special assessment liens had been treated in the same manner as mortgage liens both with respect to the nature of the liens and the remedy for re-enforcement by foreclosure. In considering the question of whether a distinction should be made between the special assessment lien and a tax certificate, said District Court of Appeal made the following comment:
"On the general proposition of limitation, we observe that statutes of limitation are generally looked upon by the courts with favor as statutes of repose. If, as the appellee contends, no statute of limitations is applicable to special assessment liens, then such liens, would, in effect, be raised to a greater dignity than the lien of general ad valorem taxes which have a constitutional origin for their authority. It was only through legislative enactment that special assessments were raised to equal dignity with assessments for ad valorem taxes. We do not believe that the law should permit, or that the legislature intended, special assessment liens to be given life in perpetuity when all other actions, causes of action, and the enforcement of other tax liens are governed by statutes of limitation. Liens for ad valorem taxes assessed by the state and county, when converted into tax certificates by sales authorized and required (footnote reference made in the opinion to Section 193.51 of the Florida Statute) under appropriate state statutes, are unenforceable after twenty years under the provisions of Section 196.12, Fla. Stat., F.S.A. The same applies to municipal taxes in the absence of charter provisions where tax certificates have been issued for the non-payment of ad valorem taxes assessed by a municipal corporation. See § 167.46, Fla. Stat., F.S.A."
This last cited case was the subject of a petition for writ of certiorari to the Supreme Court of Florida which petition was denied (140 So.2d 302). Appellee strongly relies upon the opinion of the supreme Court of Florida in the case of Ideal Farms Drainage District v. Certain Lands, 1944, 154 Fla. 554, 19 So.2d 234. This decision is based upon Section 95.02 of the Florida Statutes, F.S.A. which in substance provides that statutes of limitation do not apply to actions by the states, counties, municipal *767 corporations, etc. The decision in this last mentioned case was rendered on May 9, 1944 and a rehearing was denied therein by the Supreme Court on September 15, 1944. As previously noted in the present opinion, Section 95.021 of the Florida Statutes, F.S.A. was not enacted until 1953 and therefore the decision in Ideal Farms Drainage District cannot now be considered binding insofar as the question involved in this appeal is concerned.
It is obvious that in applying the provisions of Section 196.12 and 194.58 of the Florida Statutes, F.S.A. to the State of Florida and political subdivisions thereof, a strict literal construction of said statutes cannot be made by the Court. The construction which must be applied thereto is that which carries into effect the obvious intention of the Legislature in adopting Section 95.021, and it appears to this Court that it is crystal clear that it was the intention of the Legislature, among other things, in enacting Section 95.021, to free real estate from all claims or liens arising out of taxes, whether state, county or municipal, levied thereon after the lapse of twenty years from the date such taxes became delinquent, with the possible exception of tax certificates issued under the Murphy Act. To hold that the effect of Section 95.021 is to place a life of twenty years upon state, county and municipal tax certificates, but to allow the lien of municipal tax assessments, where no certificates were issued, to remain in force and effect for an indefinite period, would be to attribute to the Legislature an intent which would be ridiculous. Tax certificates are only a means of evidencing unpaid taxes and to enable the sale thereof for the purpose of realizing funds for current governmental expenditures. The tax certificate does not change the basic nature of the indebtedness. This Court takes judicial note of the fact that with regard to state and county taxes it is often necessary for the various counties to bid in tax certificates because of the failure of individual purchasers to bid thereon. Such tax certificates would be barred after twenty years even though the ownership thereof remained in a particular county. As a matter of fact, the Attorney General of the State of Florida has advised the State Comptroller on several different occasions that tax certificates held by the State or a County are barred after twenty years and he also advised the Comptroller that omitted taxes subsequent to the issuance of tax certificates are likewise barred (Attorney General's opinions XXXX-XX-XXX; XXXX-XXX-XX; XXXX-XXX-XXX). While opinions of the Attorney General have no binding effect on the Court, these particular opinions do indicate the position taken by the State of Florida with respect both to state and county owned tax certificates and to omitted taxes subsequent to the issuance of said certificates.
While we realize that in order to arrive at the conclusion above stated with respect to the effect of the above mentioned statutes of limitation upon the particular tax assessment involved in this case requires a construction other than absolutely literal, we are of the opinion nevertheless that our construction is both authorized and justified. We believe that the District Court of Appeal of Florida for the First District in the case of Foremost Properties, Inc. v. Gladman, Fla.App. 1958, 100 So.2d 669 was entirely correct in its following statement:
"While the courts will not strain either the facts or the law in aid of a statute of limitations, nevertheless such enactments will receive a liberal construction in furtherance of their manifest object and are entitled to the same respect as other statutes, and ought not to be explained away."
We are, therefore, of the opinion that the twenty year statutes of limitation heretofore quoted in this opinion must be construed as being applicable to taxes assessed by municipalities in this state when no tax certificates are issued in connection therewith as fully and as to the same extent as *768 such statutes of limitation are applicable to tax certificates issued by other municipalities.
The Final Decree appealed from herein is reversed and the cause is remanded to the Trial Court with instructions to dismiss the in rem foreclosure proceedings with respect to the property of the Appellants which is the subject matter of this opinion.
Reversed and Remanded with Instructions.
SHANNON, Acting C.J., and LILES, J., concur.